HENRY R. DE MILT, Respondent, *v.* SARAH HILL and FRANCIS C. HILL, Appellants.

*Representations of a grantor — when they entitle a grantee to equitable relief — when a court of equity will refuse relief.*

Representations of a grantor which will entitle a grantee to relief in equity must be of such a character that the purchaser has no means of discovering their falsity. Knowledge will be imputed to one who is able to inquire into a known thing. A court of equity will refuse its aid to those who, by their own negligence, have incurred a loss or suffered inconvenience, and if a party does not avail himself of the knowledge within his reach he will never be entitled to the aid of equity.

In an action brought for the foreclosure of a mortgage, a portion of the premises described in which was upon a mill site, to secure the purchase price of which the mortgage was given, the defense was interposed that the representative of

the plaintiff, who negotiated the sale, misrepresented the capacity of the water power by stating that it was 100 horse power, when, in fact, there was less than that amount, and that in consequence thereof the defendant was obliged to abandon the enterprise contemplated by him at the time of the purchase of the property.

It appeared that the deed from the plaintiff contained no covenant in respect to the water power or as to the character and condition of the mill. There was no allegation in the answer of fraud, and there was no proof or claim of fraud upon the trial. It appeared that an option of four months had been given to the purchaser, during which period he had ample time and opportunity to examine the property and ascertain its capacity and condition. The purchaser was also notified during the pendency of the option of doubts whether the pond would furnish 100 horse power.

*Held,* that ordinary care would have disclosed the defect of which he complained; that the purchaser had the same means of obtaining correct information as the seller, and that the court in such a case could afford no relief.

APPEAL by the defendants, Sarah Hill and another, from a judgment of foreclosure and sale of the County Court of Suffolk county in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 1st day of March, 1894, upon the decision of the court rendered after a trial at a Special Term of the Suffolk County Court.

*Thomas Young,* for the appellants.

*Timothy M. Griffing,* for the respondent.

DYKMAN, J.:

This action was brought for the foreclosure of a mortgage. The premises first described in the complaint were conveyed by the plaintiff to the defendant Sarah Hill, and this mortgage of even date with the conveyance was given to secure the full amount of the purchase money, but it included other premises which are secondly described in the complaint which were not so conveyed by the plaintiff. The property so conveyed by the plaintiff was a mill site, and was purchased to be utilized as a water power in connection with an electric light company which was to be thereafter organized. The defense to the action is that the representative of the plaintiff who negotiated the sale misrepresented the capacity of the water power by stating that it was 100 horse power, when, in fact, there was less than that amount, and that in consequence thereof

the defendant, Charles Hill, was obliged to abandon the proposed enterprise. The property was sold by the plaintiff to Francis C. Hill under a four months' option, which was dated and commenced to run on the 19th day of October, 1891.

The deed from the plaintiff contains no covenants in respect to the water power, or as to the character or condition of the mill property, and there is no allegation of fraud in the answer, and there was no proof or claim of fraud upon the trial.

The action was tried in the County Court of Suffolk county, and the usual decree of foreclosure and sale was ordered and entered, and from that judgment the defendants have appealed.

Assuming that the representations respecting the water power were made according to the testimony of the defendant Francis C. Hill, it is to be remarked that the matter was not peculiarly within the knowledge of the person who made them, and it does not appear that any artifice was employed to conceal the condition of the property or to prevent an inspection and examination of the mill pond to ascertain all the facts. On the contrary, the fact that an option of four months was given to the purchaser, during which period he had ample time and opportunity to examine the property and ascertain its precise capacity and condition, is an evidence of the absence of an intention to smother inquiry or prevent the acquisition of knowledge respecting the property. Moreover, the purchaser was notified during the pendency of the option of doubts whether the pond would furnish 100 horse power. He was, therefore, put upon his inquiry and closed the purchase thereafter. We are, therefore, forced to the conclusion that ordinary care would have disclosed the defect of which the defendants now complain. Such examination was not difficult; and the deficiency of which complaint is now made was open and easily ascertained by the purchaser and by the seller. He had the same means of obtaining correct information as the plaintiff, and the law is now settled that in such case the court can afford no relief. (*Long* v. *Warren,* 68 N. Y. 431; *Starr* v. *Bennett,* 5 Hill, 303; *Taylor* v. *Fleet,* 4 Barb. 95.)

This last case reversed and overruled the decision in the same case reported in 1 Barbour, 471, upon which the defendants seem to place much reliance. The rules of law are well settled in opposition to the contention of the defendants.

Representations of a grantor which will entitle a grantee to relief in equity must be of such a character that the purchaser has no means of discovering their falsity. In fact, it has come to be a legal maxim that knowledge will be imputed to him who is able to inquire into a known thing. A court of equity will refuse its aid to those who, by their own negligence, have incurred the loss or suffered inconvenience. If a party does not avail himself of the knowledge within his reach, he will never be entitled to the aid of equity. (*Kingston Bank* v. *Eltinge,* 40 N. Y. 391; *Tallman* v. *Green,* 3 Sandf. 437; *Canaday* v. *Stiger,* 55 N. Y. 455.)

The foregoing rules seem sometimes severe in a given case, and their application may be so here, but if legal rules were varied in their application to cases of hardship and severity, the law would soon be in a state of chaos. General rules must receive general application by the court. So far as we can see, after a full examination the court can afford no relief, and the judgment must be affirmed with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.