[L. A. No. 285. Department One.—February 11, 1898.]

CHARLES MORRIS, Appellant, v. A. A. COURTNEY, Respondent.

VENDOR AND PURCHASER—SALE OF LAND—FRAUDULENT REPRESENTATIONS AS TO QUANTITY—PRICE PAID PER ACRE—ACTION FOR DAMAGES—RECOVERY OF PART OF PRICE PAID—RESCISSION UNNECESSARY.—One who has been induced to enter into a contract for the purchase of land, in reliance upon fraudulent representations of the vendor, may either rescind the contract for the fraud, or ratify it and sue for damages; and when the vendor falsely and fraudulently represented that he owned and possessed ten acres of land free from streets, and assumed to sell ten acres, at a fixed price per acre, which the purchaser was induced to pay in reliance upon the representations made, whereas in fact the vendor only owned and possessed nine and one-tenth acres, and had previously conveyed nine-tenths of an acre for streets, the purchaser, upon discovery of the fraud, may demand a return of nine-tenths of the agreed price for one acre, and may maintain an action of damages to recover the same, with interest from the time of payment, and rescission of the contract of purchase is unnecessary.

ID.—RIGHT OF PURCHASER TO RELY UPON REPRESENTATIONS OF VENDOR—UNKNOWN FACTS—MEANS OF KNOWLEDGE.—A purchaser has the right to rely upon representations of the vendor as to facts not within the purchaser's knowledge; and the vendor cannot escape responsibility by showing that the purchaser might have ascertained that such representations were untrue.

PLEADING—DEMURRER TO COMPLAINT—STIPULATION AS TO OVERRULING DE-
MURRER—OBJECTION TO SUFFICIENCY NOT WAIVED.—A defendant, by stipu-
lating that a general demurrer to the complaint be overruled, does
not thereby waive objection to its sufficiency to state a cause of
action.

APPEAL from a judgment of the Superior Court of San Ber-
nardino County. George E. Otis, Judge.

The facts are stated in the opinion.

George B. Cole, for Appellant.

John G. North, for Respondent.

BELCHER, C.—The facts stated in the complaint in this
case are in substance as follows: In February, 1893, plaintiff de-
sired to purchase an orange grove in or near Redlands, county of
San Bernardino, and defendant represented to plaintiff that he,
defendant, was the owner and in possession of a certain described
tract of land in that county, which he told plaintiff "consisted of
ten acres free of streets," and also "consisted of ten acres of or-
anges, except that portion taken and occupied by the house situ-
ated on said premises." Plaintiff relied upon said representa-
tions, and by reason thereof purchased the said property from de-
fendant, and received his deed therefor, at the agreed price of
$925 per acre, which purchase price, aggregating $9,250, he paid
to defendant. At the time plaintiff purchased, paid for and re-
ceived the deed for the said land defendant did not own all the
land described in his said deed. Prior to that time, to wit, on
January 30, 1892, he had, by a deed duly executed and recorded
on February 5, 1892, conveyed to the board of supervisors of
said county a strip thirty feet wide off the entire east and north
sides of said land, containing nine-tenths of an acre, and for
which plaintiff paid him, at the agreed price, $832.50. Defend-
ant's representations that he owned ten acres, when in fact he
only owned nine and one-tenth acres, were false and fraudulent,
and were known by him to be so, and were made with intent to
cheat, deceive, and defraud plaintiff, and plaintiff was thereby
led to believe, and did believe, that he was purchasing ten acres
of land exclusive of streets, and was cheated and defrauded out
of $832.50. When plaintiff discovered the fraud practiced upon

him he demanded of defendant the return of the sum of $832.50, but defendant refused to make such return. The prayer is, that plaintiff have judgment for the sum of $832.50, with interest thereon from the time of payment, and costs of suit.

A general demurrer to the complaint was interposed by defendant, and overruled by consent, the parties by their attorneys stipulating that it might be overruled and the defendant have ten days to answer.

An answer was filed, and thereafter, when the case came on regularly for trial, defendant's attorney moved the court "that the said case be dismissed on the ground that the complaint does not state facts sufficient to constitute a cause of action." After a hearing the motion was granted, and judgment was entered dismissing the action, from which judgment the plaintiff appeals.

The only question is, Did the complaint state facts sufficient to constitute a cause of action?

*Alvarez v. Brannan,* 7 Cal. 504, 68 Am. Dec. 274, was an action to recover back the purchase money for a lot of land which the defendant had previously sold to another party. The trial court found that the money was fraudulently obtained and gave judgment for the plaintiff. On appeal, it was held that when a party knowingly misrepresents material facts, the law will not permit him to derive any benefit from the transaction, and the judgment was affirmed.

*Bank of Woodland v. Hiatt,* 58 Cal. 234, was an action by the assignee upon a non-negotiable promissory note given for the purchase of mining stock. The defense was, that the stock was not at the time of the purchase, or when the action was commenced, of any value, and that defendant was induced to purchase it by the false and fraudulent representations of the seller. It was held that a purchaser has a right to rely upon representations of the seller as to facts not within the purchaser's knowledge; and the seller cannot escape responsibility by showing that the purchaser might have ascertained that such representations were untrue.

*Loaiza v. Superior Court,* 85 Cal. 11, 20 Am. St. Rep. 197, was a proceeding for a writ of review to set aside certain proceedings in the superior court in an action in which the controversy was as to the validity of a sale and purchase of certain mining prop-

erty.   On page 30 it is said: "The record shows that the consent of the purchasers to make this purchase, and deliver these moneys and securities in consideration thereof, was procured by fraud on the part of the Aguayos, and mistake on the part of the other parties induced by such fraud. . . . . Having been induced to enter into this contract by fraud, and through mistake induced by such fraud, the parties could either ratify the same and sue for damages, or rescind." (Citing many cases, including *Alvarez v. Brannan, supra.*  See, also, *Groppengiesser v. Lake,* 103 Cal. 37; *Cabot v. Christie,* 42 Vt. 121; 1 Am. Rep. 313; *Haight v. Hayt,* 19 N. Y. 464; *Speed v. Hollingsworth,* 54 Kan. 436.)

The cases of *Slaughter v. Gerson,* 13 Wall. 379, and *De Milt v. Hill,* 89 Hun, 56, 34 N. Y. Supp. 1060, cited and chiefly relied upon by respondent, do not meet the point presented here.  In neither of them was there any question as to the sufficiency of the pleadings, but the controversy was to the sufficiency of the evidence to justify and support the findings.

Appellant makes the point that respondent, by stipulating that the demurrer be overruled, waived the objection that the complaint was insufficient.  This point cannot be sustained.  In *Hitchcock v. Caruthers,* 82 Cal. 523, the same point was made and expressly decided against appellant's contention.

We conclude that the complaint did state facts sufficient to constitute a cause of action, and that the court below erred in dismissing the action on defendant's motion.

The judgment should be reversed and the cause remanded.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

                    Harrison, J., Garoutte, J., Van Fleet, J.