(81 Misc. Rep. 167.)

CREAMER v. PESHKIN.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. LANDLORD AND TENANT (§ 28*)—LEASE—AVOIDANCE—FALSE REPRESENTATIONS—RELIANCE.

Where defendant claimed that he was induced to execute a lease of certain premises, providing that the lessee should make all repairs, on alleged representations concerning the condition of the property and alterations which plaintiff contemplated making, and the premises were available to defendant's inspection and in close proximity, and he had ample opportunity to ascertain the facts, he was not entitled to rely on such representations, and to claim release from the lease because of their falsity.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 82–84; Dec. Dig. § 28.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 231*)—LEASE—AVOIDANCE—FALSE REPRESENTA-
TIONS—EVIDENCE.

In an action for rent due on a lease, evidence *held* insufficient to show
misrepresentation on the part of the landlord as to the condition of the
premises or concerning contemplated improvements.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
926–934; Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by James Arthur Creamer, as executor of the will of Christopher Creamer, deceased, against Harris Peshkin. Judgment for defendant, and plaintiff appeals. Reversed; and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Warren McConihe, of New York City, for appellant.
Isidor Cohn, of New York City, for respondent.

WHITAKER, J. This is an action brought to recover rent for the month of March, 1913, upon a five-year lease executed by plaintiff, as executor, to defendant, dated January 6, 1913. Payment of rent was to begin under the terms of the lease on March 1, 1913. The premises are described in the lease as follows:

"All that certain lot, piece, or parcel of land, with the building thereon erected, situate, lying, and being in the borough of Manhattan, * * * and known as 'No. 113 East 77th Street.'"

The lease provides that the lessee shall make all repairs. The rent reserved is $2,100 per annum, payable monthly. The premises are to be used only for a "dwelling, stable, and wagon room." Defendant admits the execution of the lease, and alleges that he leased the premises for a stable and wagon room. Defendant also alleges in his answer that he was induced to enter into said lease by the plaintiff falsely representing to the defendant, before the execution thereof, that the premises were then being altered for the purpose of a stable and wagon room, and that plans had already been made to alter the premises for such purposes, which alterations were to be completed by March 1, 1913, and also falsely represented to defendant that the foundation of the said building ran the entire length of the building, and that the cellar and basement was being provided and fitted up with 30 stalls for horses, and that a copy of the plans would be furnished defendant within a week, or about January 13, 1913; that defendant relied upon such representations; that plaintiff never fitted or altered the premises for the purpose of a stable and wagon room, and that the foundation did not run the whole length of the building, but was six feet less in length; that plaintiff knew the representations were false; that defendant, upon discovering the falsity, rescinded the lease, and tendered back to plaintiff the lease, and demanded from plaintiff repayment of the money he had already paid plaintiff on account, to wit, $100.

There is no evidence in the case that defendant rescinded the lease. The issues in the case and upon which the trial was had were: · Did

the plaintiff, before the execution of the lease, falsely and fraudulently induce the defendant to enter into the lease by making the representations alleged to have been made by him? Were they false, and, if false, was the defendant justified in relying upon them? The plaintiff denies that he ever made such representations. The defendant assumed the affirmative, and, of course, the burden was upon him to prove by a fair preponderance of evidence that the representations were made, that they were false, that he relied thereon, and was justified in so relying upon them.

[1] Taking up these questions in the inverse order of their statement, it is quite clear that, even if the representations were made as claimed by the defendant, he was not justified in relying upon them. The evidence shows that the defendant's place of business was at 315 East Eighty-Third street, and that the premises in question were at 113 East Seventy-Seventh street, about six blocks away. Defendant testified that plaintiff called at defendant's place of business at the end of December, and stated that everything was being erected, 30 stalls being put in cellar, and plans being filed; that he further testified that the agent and the owner at the same interview told him that the stalls and wagon room were being erected. The defendant had ample opportunity to ascertain the facts. The premises were in the same block where the lease was signed. It has become a legal maxim that knowledge will be imputed to one who is able and has equal opportunity to inquire into a matter. De Milt v. Hill, 89 Hun, 56, 34 N. Y. Supp. 1060.

"When the matter is not peculiarly within the knowledge of defendant, and the plaintiff has the means of obtaining correct information apart from the statements made to him, he may not recover upon the false representation." Long v. Warren, 68 N. Y. 426, 431.

[2] Furthermore the defendant has failed to prove that the alleged false representations were made. On page 10 of the testimony, defendant states:

"I said: 'Mr. O'Brien, there is nothing doing if you can't get the place for me for $2,100. I ain't going to take it, and do all necessary repairs, put 30 stalls in the basement and wagon room on the ground floor.'"

This was in reply to the report of O'Brien that the rent would be $2,400 or $2,200. If, as claimed by defendant, the plaintiff agreed to make the alterations, why should defendant care whether the foundation walls ran the full length of the building? And still defendant claims that one of the inducing causes for his signing the lease was the representation by plaintiff that such walls did run the whole length of the building. There are other features of the defendant's evidence which tend to make the story told by him very improbable.

The plaintiff himself tells a plain and probable story, and in addition to his own testimony he called two additional disinterested witnesses, who testified to facts entirely at variance with the story of defendant, and whose testimony must impress one with its truth and with the falseness of defendant's story. The defendant has not only failed to prove his affirmative defense by a fair preponderance of evidence, but the record discloses that the weight of evidence is entirely

against him. It would serve no purpose to further discuss the evidence, and it is unnecessary to discuss other features of the case.

The judgment should be reversed, not only upon the ground that the defendant was not justified in believing the representations, even if made, but also upon the ground that the weight of the evidence shows that plaintiff did not make the representations alleged by the defendant to have been made by him.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs.

BIJUR, J. I concur, but on the ground that the alleged misrepresentations of the plaintiff are not actionable. The statement that the building was being altered and that plans had been filed were quite immaterial: First, because there was no agreement on plaintiff's part to make or complete any alterations; and, even if there had been, the fact that they were being made at any particular time would be of no importance, provided they were completed on time. The statement that the foundation wall ran through and through is not in the record connected with any matter of any importance, and the same criticism applies to it as to the other statements hereinabove set forth.