## WERLINE v. ALDRED.

No. 6689.    Opinion Filed April 25, 1916.

(157 Pac. 305.)

Opinion on Motion for Judgment on Supersedeas Bond

Filed June 27, 1916.    (158 Pac. 893.)

1. **FRAUD—Elements—Statement of Facts or Opinion.** A representation as to value is usually regarded as an expression of opinion, but where made by one as an inducement to another, who is ignorant thereof, to enter into a contract and relied upon to the detriment of the latter, the same may be made the basis of an action for fraud and misrepresentation.

2. **SAME—Remedies—Action for Damages.** One induced by fraudulent and false representations to exchange property may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations.

3. **SAME—Measure of Damages.** The measure of damages in such cases is the difference in value between the property conveyed to him and the value same would have had if it had been as represented.

4. **SAME—Elements of Fraud—Reliance on Representation.** One who relies upon a material representation which is false is not precluded from recovering damages by reason of the fact that he had the opportunity to investigate for himself and did not do so.

(Syllabus by Hooker, C.)

*Error from District Court, Woodward County;
James W. Steen, Judge.*

Action by Salmon C. Aldred against George M. Werline. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. W. Herod,* for plaintiff in error.

*Chas. Swindall,* for defendant in error.

Opinion by HOOKER, C. Under the authority of *Holmberg v. Will,* 49 Okla. 138, 152 Pac. 375, the motion to dismiss is denied.

In 1911, defendant in error, Salmon C. Aldred, was the owner of a farm in Woodward county of the approximate value of $3,500, which was mortgaged for about $1,260, the interest upon which was due. Aldred was in dire circumstances and was about to lose his farm because he could not pay the interest, and was also financially embarrassed otherwise, and was in a distressful condition. This fact was known to plaintiff in error, George M. Werline, and his agent, one Dockum, who resided near him, and a proposition was finally made to Aldred to trade his farm for some business property in Wheeling, a small town in the State of Missouri of about 400 inhabitants. The proof discloses that this Missouri property was mortgaged for $700. Each of the parties to the transaction was to assume the mortgage on the property traded for. The representations made to Aldred were that the property in Missouri was worth $3,500, or more, and had a rental value of $30 or $35 per month. Relying upon said representations he made the trade, and thereafter discovered that the property in Missouri was worthless, and that the mortgage of $700, which he was to assume, was more than the value of the property, and instead of the property having a rental value of $35 per month, it had none in its condition, and he also ascertained that the condition of the property as to improvements was not as represented. Thereupon Aldred sued Werline to recover a judgment for the difference between the actual value of the property

and that which it would have had if it had been as represented. The cause was tried to a jury, and judgment rendered in favor of plaintiff for $2,377.75.

The verdict of the jury is supported by the evidence, for this record amply demonstrates that plaintiff, owing to his physical and financial condition, was at the mercy of defendant and his agent Dockum, and that they took advantage of him at every opportunity. Plaintiff was nearsighted and relied upon defendant and Dockum to fully inform him as to the value of the Missouri property. And, as they were neighbors, he had reason to believe they would not misrepresent to him. In this he was mistaken. Plaintiff was not acquainted in Missouri, nor was he conversant with values, and his only method of ascertaining and the only thing done by him to find the value was to write to a man recommended by those who were then taking advantage of him. And this man in Missouri did not reveal the true facts to him, but concealed the truth.

While the question of value may be an expression of opinion, yet when made by a party to a contract as an inducement to cause another, who is ignorant of values, to make the same, and relied upon to the latter's disadvantage, a cause of action may be maintained for damages for misrepresentation. And especially is this true when one of the parties to the contract has never seen the property and has no opportunity to do so, but relies upon the statements of the other as to value.

As stated, many representations were made by Werline and his agent Dockum to Aldred in order to consummate the trade, and Werline is bound by the statements of his agent, for the same were made within the scope of his authority.

In *Howe v. Martin,* 23 Okla. 561, 102 Pac. 128, 138 Am. St. Rep. 840, this court said:

"A party is guilty of fraud and deceit where, with intent to induce another to enter into a contract, he makes a positive assertion, which is material, in a manner not warranted by his information, or where he is not shown to have reasonable grounds for believing it true, where the assertion so made is not true, even though believed by the party making it. In such a case the definite assertion as a fact of that which is untrue, concerning that which the party has no knowledge, is tantamount in its effects to the assertion of something which the party knows to be untrue.

"A principal is responsible to third persons, not only for the statements and acts of his agent acting within his actual authority, but also for such acts and statements as he may do and make acting within the apparent scope of the authority conferred.

"A person induced by false and fraudulent representations to purchase or exchange for property has three remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely, and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such a case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for plaintiff to restore, or make offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations.

"A party who makes an exchange of properties is entitled to make as good a bargain as he can, provided only

he deals honestly.· He may place his own property at a high price and secure another's at a low one.   To the benefit of his bargain he is entitled, and he should not lose his legitimate gain because the other party has been dishonest.   The measure of damages, in a case of fraud and deceit on such an exchange, should be, and therefore is, the difference in value between the property conveyed to him and the value of that which would have been conveyed had such property been as· represented and the actual contract honestly fulfilled."

It is also urged by plaintiff in error that defendant in error had the opportunity to investigate, and for that reason is not entitled to recover here.   Some of the earlier cases state the rule in this broad way, but, as Mr. Bigelow says in his work on Fraud (volume 1, p. 523) :

"The proposition has now become very widely accepted at law as well as in equity, at least as general doctrine, that a man may act upon a positive representation of fact, notwithstanding the fact that the means of knowledge were specially open to him.   *   *   *"

Similarly, in Pomeroy, Equity Jurisprudence, sec. 896, it is said that:

"Whenever a positive representation of fact is made, the party receiving it is, in general, entitled to rely and act upon it, and is not bound to verify it by an independent investigation.   Where a representation is made of facts which are or may be assumed to be within the knowledge of the party making it, the knowledge of the receiving party concerning the real facts, which shall prevent his relying on and being misled by it, must be clearly and conclusively established by the evidence.   The mere existence of opportunities for examination or of sources of information is not sufficient, even though by means of these opportunities and sources, in the absence of any representation at all, a constructive notice to the party would be

inferred; the doctrine of constructive notice does not apply where there has been such a representation of fact."

In *Ruhl v. Mott,* 120 Cal. 676, 53 Pac. 307, the court said:

"It is true that where one is justified in relying, and in fact does rely, upon false representations, his right of action is not destroyed because means of knowledge were open to him. In such a case, no duty in law is devolved upon him to employ such means of knowledge."

The same doctrine is declared in *Bank of Woodland v. Hiatt,* 58 Cal. 234; *Wenzel v. Shulz,* 78 Cal. 221, 20 Pac. 404; *Morris v. Courtney,* 120 Cal. 63, 52 Pac. 129; *Dow v. Swain,* 125 Cal. 674, 683, 684, 58 Pac. 271; *Maxon-Nowlin Co. v. Norswing,* 166 Cal. 509, 512, 137 Pac. 240; *Eichelberger v. Mills L. & W. Co.,* 9 Cal. App. 628, 100 Pac. 117.

The burden of proof was placed upon the plaintiff, and the jury were told that fraud is never presumed, but must be established by competent evidence, and the jury thought plaintiff below complied with all the requirements of the law to entitle him to a verdict, and so do we.

It is settled in this jurisdiction that where there is evidence reasonably tending to support the findings of the jury, a judgment rendered in pursuance of such a verdict will not be disturbed on appeal.

The judgment is affirmed.

By the Court: It is so ordered.

---

On motion for judgment on supersedeas bond. Motion sustained.

**APPEAL AND ERROR—Liabilities on Bonds—Judgment.** By virtue of chapter 249, Laws 1915, where a supersedeas bond has been filed to stay execution on a judgment pending appeal, and the appeal is decided adversely to plaintiff in error, upon proper motion of defendant in error judgment will be rendered here against the sureties upon such bond.

(Syllabus by Hooker, C.)

Opinion by HOOKER, C.   The plaintiff, Salmon C. Aldred, obtained a judgment in the lower court against the defendant, Geo. M. Werline, for the sum of $2,377.75, with interest at 6 per cent. from the 29th day of January, 1914.   This proceeding in error was commenced to review said judgment and a supersedeas bond was executed, approved, and filed by Geo. M. Werline, as principal, and Chas. Nelson, D. P. Cotter, and E. L. Thompson, as sureties, and execution on said judgment stayed.   The case was affirmed by this court heretofore, and a motion has been made for judgment against the sureties on the supersedeas bond.   Under authority of *Long v. Lang & Co.,* 49 Okla. 342, 152 Pac. 1078; *Starr v. Haygood,* 53 Okla. 358, 156 Pac. 1171; *Oklahoma Fire Insurance Company v. Kimpel, post,* p. 398, 151 Pac. 317, and *Brown v. Davis, post,* p. —, 157 Pac. 925, the motion must be sustained.

Judgment is therefore entered in this court against Chas. Nelson, D. P. Cotter, and E. L. Thompson, for the sum of $2,377.75, with interest at 6 per cent. from January 29, 1914, until paid, and for the costs of the suit, for which execution may issue out of the trial court.

By the Court:   It is so ordered.