## LANDIS v. RODGERS.

No. 16973—Opinion Filed Sept. 21, 1926.

**1. Sales — Fraud — Misrepresentations of Value—Remedies of Buyer.**

Where R. misrepresents the value of personal property as an inducement to sell the same to L., and with the understanding that L. is to resell the property and at a profit, and L. is ignorant of the value and enters into the contract of purchase relying upon the representations of R. and to his detriment, the same may be made the basis of an

action for fraud and damages, or a defense in an action for the purchase price.

## 2. Trial—Demurrer to Evidence—When not Sustainable.

It is error for the court to sustain a demurrer to the evidence where no objection has been made to the issues tendered, except a general denial by the party demurring, where there is any competent evidence reasonably tending to support the issues in favor of the party offering the same.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by D. E. Rodgers against John Landis for breach of contract. Judgment for plaintiff, and defendant appeals. Reversed.

Frank Nesbitt, for plaintiff in error.

Jesse A. Harp, for defendant in error.

Opinion by THREADGILL, C. We will refer to the parties in this opinion as they appeared in the trial court, where plaintiff in error was defendant and defendant in error was plaintiff.

The action was based upon the breach of a sales contract and damages. Plaintiff alleged that he sold and delivered to defendant certain garage machinery for $3,000, $100 being paid in cash and $100 to be paid per month, with eight per cent. interest on the deferred payments, until the whole amount was paid; that defendant received the machinery, paid the $100 cash, and then refused to make further payments. Defendant answered and admits that he made the contract, paid the $100 on purchase price when the machinery was delivered, but denies all other allegations, and further pleads fraud as follows:

"3. The defendant further and, as a defense to plaintiff's action, alleges and says that the contract of sale was induced by fraud practiced by plaintiff on this defendant in this, to wit, that the plaintiff and defendant had been acquainted with each other for sometime prior to the said transaction, and that by reason of the said acquaintanceship the defendant had and reposed confidence in the said plaintiff. That this defendant is and has been for sometime past engaged in the boiler-making and repairing business in Picher, Okla., and was totally unacquainted with garage machinery or the values thereof. That on November 27, 1924, the plaintiff called on defendant and represented to him that he had sold a large amount of garage machinery and equipment to the Big Garage in Baxter Springs, Kan., and that same had been shipped to Baxter Springs, Kan., at great expense, and that when said machinery arrived there the said Big Garage either was not able or would not buy said machinery, and that he, said plaintiff, on account of such circumstances, would be willing to sell said machinery at much less than its true value, which said true value the plaintiff alleged to be at least $4,000. That said $3,000 was far less than its said true value, and that he was making the sale at said price only because of the expense to which he had been in getting said machinery to Baxter Springs, Kan. That the defendant being unfamiliar, as aforesaid, with the value of such machinery, relied upon the statement of the plaintiff as to the value of said machinery, and acting in reliance thereon bought said garage machinery for $3,000 and did pay $100 down at the time same was delivered as above set forth.

"4. Defendant alleges that said statements and representations were false and untrue in this, to wit, that instead of said garage machinery having a fair value of $4,000, the same did not and does not have a fair cash value of in excess of $1.500 to $2,000, and that the plaintiff did knowingly, fraudulently, and with the intent to cheat this defendant, take undue advantage of the confidence reposed in plaintiff by defendant, and the ignorance of the defendant as to the value of garage machinery, to cheat, wrong, and defraud him as herein set forth, and to induce him to buy said garage machinery at a price which plaintiff well knew was at least 50 per cent. in excess of its fair cash value.

"5. Defendant alleges that within a few days after he discovered the true value of said machinery, he sent for plaintiff and told him of said false representations, and told him that he would not pay the residue of said purchase price, and demanded back the $100 which he paid on said purchase price and offered back all of said garage machinery. That plaintiff refused so to do. That thereafter the defendant wrote the plaintiff, offering to return all of said garage machinery and demanded back the $100 he had paid, on the ground that said agreement and sale had been procured by fraud as herein before set forth, but that plaintiff had again refused.

"6. Defendant alleges that had he known the true and fair value of said garage machinery he would have never entered into said oral contract with plaintiff, nor paid him such sum of money, but that the said false representations, trickery, and fraud practiced on defendant by plaintiff was the sole and inducing cause of the defendant entering into said contract. That defendant now offers to return all of said garage machinery."

Plaintiff filed a reply denying that he intentionally deceived or practiced any fraud upon the defendant; that what he stated as

to the value of the machinery was the expression of an honest opinion; that defendant knew as much about values of the property as he did. The cause was tried to a jury, and resulted in a directed verdict and judgment for plaintiff, and defendant has appealed asking for a reversal and a new trial on the ground that the instructed verdict was error. In the trial of the case, defendant assumed the burden of proof, and, at the close of defendant's evidence, plaintiff demurred to the same, which was sustained, and thereupon the court instructed the verdict for plaintiff.

The ground of the demurrer is not stated, but we take it, from what the court said in ruling on the demurrer, that the ground was failure of the evidence to establish the allegations of fraud as stated in the answer. It seems to be conceded that the answer stated facts sufficient to charge fraud as a defense, and the demurrer admitted the facts proved, but contended that they were not sufficient to prove the facts of fraud alleged in the answer, and the court took the same view. The court made this statement:

"Gentlemen, in the judgment of the court, the defendant unfortunately cannot and has not established his allegations of fraud, has not proven the ingredients or things that go to make up a fraudulent transaction, and the evidence is not sufficient to warrant me in submitting the case to you for your judgment, and therefore advise you to return a verdict for the plaintiff in the sum of $2,-900, the amount sued for."

This brings us, as we view it, to the decisive question in the case, and that is, whether or not the evidence was sufficient to prove the fraud as alleged in the answer. The evidence shows that the defendant was a boiler-maker by trade; that he was not acquainted with garage machinery; that he had known plaintiff for about three years, and that they had had business dealings with each other. Defendant testified as follows:

"Well, gentlemen, Mr. Rodgers was at the Big Four Garage there getting his car filled, and called me over, and he says, 'I have got some machinery I want to sell you,' and I told him that I wasn't interested in garage machinery. I told Mr. Rodgers on the 27th day of November, that I wasn't interested in garage machinery, and I left him at that time. I went to lunch at the Connell Hotel, and when I came out from lunch Mr. Rodgers was still waiting out in front, and he called me over again, and says, 'I would like to sell you that machinery,' and I says, 'I don't believe I am interested in it,' and he says, 'Well, there is a chance for you to make

some money, he says, 'that machinery is worth considerable more than I am asking'; says, 'I shipped it down here to a couple of fellows in Baxter, and for some reason or other they didn't take it, and I want to sell it; it is over here in a box car.' I says, 'All right, I will go over with you and look at it, and see what it looks like.' It was all mixed up in a box car, some machinery laying down one way and some was covered up; there wasn't any way of telling what it really was worth, and I went back to my place of business, and I imagine about two o'clock Mr. Rodgers came back, and he says,' 'Are you ready to buy that machinery,' and I says, 'Well, I don't know.' He told me then, he says, 'That machinery is worth at least $4,000 of any man's money.' I thought possibly I could handle it, and help him out and get out of the hole on it, and I gave him $100 a month, and I offered one of the pieces for sale. * * *"

He further stated that plaintiff said if he would take the machinery he could help him to dispose of it. He said he learned, after he tried to sell the Hellie cylinder grinder, that the property was not worth anything like what the plaintiff said it was worth. He learned it was not up-to-date, modern machinery. The lathes were obsolete. He then saw the plaintiff, and told him that the machinery was not worth what he claimed it was, and asked him to take it back, and he refused to take it back, and defendant refused to pay anything more on the contract. He also wrote him a letter to the same effect.

H. E. Minick testified as a witness for defendant, and his testimony corroborated the testimony of defendant as to the value plaintiff placed upon the machinery at the time he was trying to sell the same to the defendant, also the circumstance of the transaction. J. F. Coffee testified as a witness, and stated, in substance, that he was acquainted with the values of various kinds of garage and machine equipment; that he had examined the machinery in controversy, and it consisted of lathes and a drill press, and a Hellie grinder, and some other automobile supplies, and that a fair cash value of "that batch of machinery and equipment as a whole" was worth about $1,350. He further stated that the lathes were obsolete, but the South Bend Lathe Company continues to manufacture that character of lathes. F. S. Scott testified as a witness for defendant, and stated that he was acquainted with the character of machinery in controversy, and had handled such machinery for 15 or 16 years; that he had seen and examined the machinery in controversy, and he described the same, and fixed the value be-

tween $900 and $1,000. Defendant further testified that before he closed the contract and unloaded the machinery from the freight car, he went to look at it, but he could not tell from looking at it what its value was, and that he made the trade relying upon the value as fixed by the plaintiff. We think this evidence was sufficient to prove the allegation of fraud as to the value fixed on the machinery by plaintiff as an inducement to sell the same.

Now, the demurrer admitted as true the facts testified to by these witnesses, as well as all the reasonable inferences to be drawn therefrom. Plaintiff's knowledge as to the true value of the property, and his misrepresentation of the value as an inducement to effect a sale, and defendant's damage by the transaction are inferences that might reasonably be drawn from the testimony. This evidence, as we view it, was sufficient to go to the jury for them to pass on, and say whether or not the allegations of defendant's answer were established. But plaintiff contends that, although he did state that the machinery was worth more than its true value, this was only trade talk, and was permissible for the purpose of boosting a sale, citing 12 R. C. L. 250, as held by the Supreme Court of Kansas. It is also contended by plaintiff that his statement as to values falls under an exception to the general rule, citing 24 R. C. L. 343, as held by our court, but these cases are not applicable, for the reason the facts are not similar to the facts we have here. The question is one of inducement as testified to by defendant, and the rule applicable is stated in the first paragraph of Werline v. Aldred, 57 Okla. 391, 157 Pac. 305, 158 Pac. 193, as follows:

"A representation as to value is usually regarded as an expression of opinion, but where made by one as an inducement to another who is ignorant thereof, to enter into a contract, and relied upon to the detriment of the latter, the same may be made the basis of an action for fraud and misrepresentation."

To the same effect are the following cases: Hood v. Wood, 61 Okla. 294, 161 Pac. 210; Henry v. Collier, 69 Okla. 24, 169 Pac. 636; Dalton v. Hopper, 74 Okla. 127, 177 Pac. 571.

Plaintiff in his brief calls attention to the rule stated in the case of Wingate v. Render, 58 Okla. 656, 160 Pac. 614, and contends that the evidence demurred to was not sufficient to make out a case according to this rule. We have read with interest the argument advanced, but we cannot agree with it. Defendant says plaintiff made as many as three efforts to sell him this machinery, and represented finally to him that it was worth $4,000, and that he could make some money in the deal. This was certainly a material representation as to the value of the property. We cannot see any good reason for this representation, if false, in this sort of transaction, where the profit in a resale was the principal thing to defendant, not coming within the meaning of a false representation under the law, just as false representations of the character or quality of the property where the use of the property is the principal object of the transaction. Then comes the defendant's evidence as to this representation being false, and the purpose for which it was made, and that he acted in reliance upon it, and paid out money, and assumed an obligation to pay out more money than the property was worth on the market, and so the evidence was therefore good against the demurrer, and the court committed error in sustaining it, and in directing a verdict for plaintiff. We think the evidence was sufficient to make out a prima facie case, under the issues, as made up by the pleadings.

The judgment of the trial court is hereby reversed, and a new trial ordered.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. pp. 1217, 1219, § 110; 35 Cyc. pp. 71, 539: 24 R. C. L. p. 343.  (2) 38 Cyc. p. 1548: 26 R. C. L. p. 1061; 4 R. C. L. Supp. p. 1694.