## MARTINSON v. HAMIL.

No. 18310.     Opinion Filed July 24, 1928.

(Syllabus.)

1. **Fraud—Representations as to Value and Quality—Opportunity to Investigate.**

Representation as to value and quality of property is usually regarded as an expression of opinion, but where made by one as an inducement to another, who is ignorant thereof, to enter into a contract and relied upon to the detriment of the latter, the same may be made the basis of an action of damages for fraud and misrepresentation, and the fact that the injured party had the opportunity to investigate for himself and did not do so, will not preclude a recovery.

2. **Same—Remedies of Party Defrauded.**

A person induced by false and fraudulent representations to purchase property has four remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for him to restore, or make offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations; or, fourth, he may, in an action against him to recover the purchase price or to enforce a security given therefor, set up the damages sustained by reason of the fraud, as a defense or by way of counterclaim.

3. **Appeal and Error—Judgment Sustained.**

Record examined, and held, that there is ample evidence to sustain the verdict and judgment.

Commissioners' Opinion, Division No. 1.

Error from District Court, Woodward County; Charles Swindall, Judge.

Action by Peter Martinson against Albert V. Hamil on promissory notes and foreclosure of real estate mortgage. Judgment for defendant, and plaintiff appeals. Affirmed.

Charles R. Alexander, for plaintiff in error.

D. K. Cunningham and R. F. Shutler, for defendant in error.

TEEHEE, C. In this cause the parties appear here as they appeared in the trial court. Plaintiff sought judgment against defendant on two promissory notes aggregating $2,500, and for foreclosure of a mortgage lien on certain realty subject to a certain first mortgage. The petition contained the usual allegations in such cases. By appropriate pleadings, defendant answered that the notes sued on were given without consideration; that the notes and the mortgage given in security thereof were obtained as part consideration for the purchase of the property involved and were induced by false and fraudulent representations made by plaintiff's agent through a conspiracy entered into by and between plaintiff and his agent for the purpose of cheating and defrauding defendant, and further that the contract of purchase whereunder the said

notes and mortgage were executed rendered the same usurious, and that by reason thereof and of said fraudulent conduct of plaintiff through his said agent defendant was damaged in the sum of $20,000, the specific items of damage being set out in his cross-petition, whereunder he prayed judgment in said amount by way of counterclaim. Upon trial of the issues thus framed, there was a jury verdict for defendant whereunder the notes and mortgage were, by judgment of the court, canceled and held for naught.

Plaintiff complains of the judgment under four propositions, the first being that, as defendant relied on his own judgment and resorted to other means of information, he is not entitled to relief on the ground of alleged false representations made by plaintiff through his agent which in effect were merely expressions of opinion. Plaintiff cites cases by this court which lay down the general rule that misrepresentations of value of property where the means of investigation are at hand and drawn to the attention of the purchaser, though not acted upon, such representations of value made by the vendor become mere expression of opinion, and, if relied upon by the vendee and later developed to be erroneous, cannot be made the basis of an action for fraud in the transaction. Were this the force and effect of defendant's evidence in support of his allegations of conspiracy and fraudulent representations by plaintiff and his agent, the contentions of plaintiff hereunder would be well taken. It is sufficient to say, without analytical statement thereof, that there is abundant evidence in the record to the effect that it was solely the misrepresentations of the value and quality of the property made by plaintiff's agent that induced defendant to enter into the contract of purchase, and to consummate the same through the execution of the notes and the mortgage sued on in this action, to justify the verdict of the jury as returned.

In Werline v Aldred, 57 Okla. 391, 157 Pac. 305, 158 Pac. 893, it was held:

"A representation as to value is usually regarded as an expression of opinion, but where made by one as an inducement to another, who is ignorant thereof, to enter into a contract and relied upon to the detriment of the latter, the same may be made the basis of an action for fraud and misrepresentation. * * *"

"One who relies upon a material representation which is false is not precluded from recovering damages by reason of the fact that he had the opportunity to investigate for himself and did not do so."

In Stevens v. Reilly, 56 Okla. 455, 156 Pac. 157, the court held:

"When it appears that one has been guilty of intentional and deliberate false statements, by which to his knowledge another has been misled and influenced in his action, he cannot escape the legal consequences of his fraudulent conduct by saying that the fraud might have been discovered had the party whom he deceived exercised ordinary care and diligence."

See, also, Hood v. Wood, 61 Okla. 294, 161 Pac. 210, and Rogers v. Brummett, 92 Okla. 216, 220 Pac. 362, where numerous authorities are collated in support of the foregoing principles which under the facts believed by the jury are here controlling, for which reason the contentions of plaintiff hereunder are not well taken.

Plaintiff next contends that as defendant did not act without delay in disaffirming his contract upon ascertaining the grounds on which he sought relief against plaintiff, and having recognized the binding force of his contract thereafter, he was estopped from asserting its invalidity, and relies in support thereof on the rule as laid down in Farmers State Bank v. Harrington, 98 Okla. 293, 225 Pac. 705, where it was held:

"Where a party, with full knowledge of the facts, has, distinctly and unequivocally, done any act which implies an intention to abide by the contract, he cannot subsequently disaffirm the contract,"

—and cites other authorities to like effect.

Under the record, as here presented, we think the rule laid down in Byers v. Brisley, 81 Okla. 215, 198 Pac. 90, by paragraph 1 of the syllabus, is here controlling. This is as follows:

"A person induced by false and fraudulent representations to purchase or exchange for property has four remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for him to restore, or make offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations; or, fourth, he may, in an action against him to recover the purchase price or to enforce a security given therefor, set up the damages sustained by reason of the

fraud, as a defense or by way of counter-claim."

See, also, to like effect, Jeter v. De Graff, 93 Okla. 76, 219 Pac. 345.

As the question was submitted to the jury and they having found that defendant had not so estopped himself to assert damages by way of counterclaim, and upon evidence reasonably supporting that conclusion, we are not warranted in disturbing the judgment appealed from upon this ground.

Plaintiff next contends that certain instructions of the court were erroneous and misleading both as to the liability of plaintiff and as to the measure of damages. The record does not show that the instructions complained of were excepted to by plaintiff, for which reason the points raised thereunder do not require our consideration. Pioneer Tel. & Tel. Co. v. Tulsa Vit. Brick & Tile Co., 60 Okla. 129, 159 Pac. 477.

Plaintiff finally contends that there is no evidence sustaining the defense of usury, one of the grounds relied on by defendant in support of his cross-petition for damages. This contention is without merit as there was ample evidence in the record which, if believed by the jury, was sufficient to establish this alleged wrongful conduct of plaintiff.

For the foregoing reasons, therefore, the judgment of the trial court is affirmed.

BENNETT, FOSTER, HERR, and DIFFENDAFFER, Commissioners, concur.

Note.—See under (1) 26 C. J. p. 1151, §68; pp. 1216, 1218, §110; 12 R. C. L. p. 279. (2) 9 C. J. p. 1170, §26; p. 1215, §107; 13 C. J. p. 395, §304; p. 611, §§652, 653; p. 621, §680. (3) 4 C. J. p. 852, §2834.