Grant JOHNSON and Belle J. Johnson, Plaintiffs in Error,

v.

Darold EAGLE, Cecile Eagle, Joe Eagle and Stella Eagle, Defendants in Error.

No. 38440.

Supreme Court of Oklahoma.

June 28, 1960.

Rehearing Denied Oct. 4, 1960.

Primus C. Wade, Tulsa, for plaintiffs in error.

R. M. Cowen and Charles A. Whitebook, Tulsa, for defendants in error.

IRWIN, Justice.

Plaintiffs filed this suit for collection of a promissory note and for foreclosure of a real estate mortgage, given as security for said note, covering part of a lot in the "Original Town" of Tulsa. Defendants filed a verified amended answer which admitted execution of the note and mortgage but denied that the instruments were intended as binding obligations upon the defendants. In substance defendants alleged that their signatures were procured by fraud and gross misrepresentation on the part of one Darold Eagle, one of the plaintiffs, in representing that a hotel on said premises was being operated at a profit; that Eagle, on behalf of all plaintiffs, represented orally that a person named Rice was capable, had integrity, business judgment and ability; that she owned all the furniture in the hotel, and that she was not indebted to Darold Eagle; that she could and would manage the property so that defendants would not have to put any of their money into said hotel; that defendants

learned after purchasing the property and leasing it to Rice that Rice was in debt to Eagle and was not the reputable manager Eagle had said she was; that defendants, relying upon representations of said Darold Eagle, entered into a lease agreement with said Rice, who was not a reputable manager for the hotel, and that the unreliability of said Rice was known to the plaintiff Darold Eagle; that but for the said representations, said defendants would not have entered into the purported mortgage arrangements.

Upon motion of the plaintiff to strike, all of the above allegations were stricken by the trial court, to which action of the court the defendants duly excepted and elected not to amend further but stand on the remaining allegations of the answer to the effect that plaintiffs promised and agreed that at the expiration of fifteen years, they would deed said property to the defendants, but notwithstanding such agreement and promise, the plaintiffs forthwith executed and had filed a warranty deed transferring the property to the defendants, all without the knowledge or consent of the defendants and wherein and whereby the defendants were further defrauded; that defendants upon their discovery of the fraud, then and there and at all times since have offered to return said property, and renew said offer.

Defendants appeal from the order striking portions of defendants' amended answer and from the judgment on the pleadings.

The decisive issue to be determined by this Court is, "are the alleged misrepresentations contained in the allegations of fraud in the amended answer sufficient to raise questions of fact requiring a determination by the trier of facts?"

In determining this issue we must be cognizant of certain salient principles of law, which are:

■ The elements of actionable fraud are material, false representations made with knowledge of their falsity, or recklessly made without knowledge of their truth and as a positive assertion, with intention they be acted upon by another, and reliance thereon by another party to his injury. See Gibson v. Mendenhall, 203 Okl. 558, 224 P.2d 251; McAtee v. Garred, 185 Okl. 314, 91 P.2d 1095.

■ Where false representations of material facts are made by one as an inducement to others who are ignorant thereof, to enter into a contract and relied upon by the latter to their detriment, the same may be pleaded in defense to an action on the contract. See Landis v. Rodgers, 119 Okl. 233, 249 P. 398; Martinson v. Hamil, 132 Okl. 70, 269 P. 255; and Dalton v. Hopper, 74 Okl. 127, 177 P. 571.

■ A representation may be regarded as an expression of opinion, but where false and made by one as an inducement to another, who is ignorant thereof, to enter into a contract, and is relied upon to the detriment of the latter, may be made the basis of an action for damages consequent upon fraud and misrepresentations. A statement which by itself might be a mere expression of opinion may be so connected with a material fact as to amount to fraud. Hood v. Wood, 61 Okl. 294, 161 P. 210; Martinson v. Hamil, supra; McAtee v. Garred, supra, and Greene v. Humphrey, Okl., 274 P.2d 535.

■ Where fraud is properly alleged by one party, a question of fact is thereby raised, necessitating a determination thereon by the trier of facts. Johnson v. McDonald, 170 Okl. 117, 39 P.2d 150.

■ It is error to render judgment on the pleadings, where by the pleadings there is raised an issue of fact, upon which a valid judgment might be rendered. Smith v. Hughes, 135 Okl. 296, 275 P. 628, 65 A.L.R. 573; Whipps v. Kling Bros. & Co., 182 Okl. 382, 78 P.2d 291.

Therefore, if the representations of the plaintiffs were mere expressions of opinions, as contended by plaintiffs, the trial court was correct in striking the same, but if the stricken allegations were false representations of material facts, it was error for the trial court to strike them and the

order sustaining the motion for judgment on the pleadings should be vacated.

In applying the heretofore stated principles of law to the case at bar we find the defendants alleged the instruments were procured by fraud and gross misrepresentations in that plaintiffs represented that the hotel was being operated at a profit; that they would secure a reputable lessee; that Rice, the lessee procured, was a reputable competent manager for the hotel; that she was not indebted to Darold Eagle; that she owned the furniture then in the hotel, and that she could and would operate the hotel so as to make a profit therefrom. That all of said representations were false and fraudulent, were made by plaintiffs as an inducement to get the defendants to enter into the contract and were made with the intention that the defendants should rely thereon and the defendants did rely on such statements and representations.

Certainly the alleged representations that the hotel was making money; that Rice was not indebted to Darold Eagle; and that she was the owner of the furniture in the hotel are alleged representations of fact that were within the knowledge of Eagle. The alleged representations that Rice was a capable, competent business person, capable of managing the hotel and making the payments of the rent under the lease while considered by the plaintiffs as mere alleged expressions of opinions, cannot be considered as such. Rice was lessee under Eagle prior to and at the time the transaction was completed, and it was within his peculiar knowledge whether she was capable, competent manager of the hotel and these alleged representations being so interwoven with the alleged representations of fact actually made and the defendants knowing Rice was lessee under Eagle, were sufficient to go to the jury for its determination whether such representations were representations of fact and not merely expressions of opinion.

We therefore conclude that the amended answer contained allegations of representations of material facts and not merely expressions of opinion.

The cause is therefore reversed and remanded with directions to vacate the order sustaining the motion for judgment on the pleadings and the judgment entered thereon, and to vacate the order striking paragraphs 3, 4, 5, 6, and 8 of the amended answer and reinstate such paragraphs and to take such other action as may be indicated, not inconsistent with the views herein expressed.

Reversed and remanded with directions.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.