GOOD v. STORY.

No. 11267—Opinion Filed May 15, 1923.

1. Vendor and Purchaser—Fraud in Sale—Remedies of Purchaser.

A person induced by false and fraudulent representation to purchase property has three remedies. He may, first, upon discovery of fraud, rescind the contract absolutely and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such case it is sufficient for plaintiff to restore, or make an offer in his petition to restore,

everything of value which he has received; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representation.

2. Same—Action for Damages—Proof of Fraud.

If he elects to pursue the last remedy, it is incumbent on him to prove actual fraud, that is, that the representations made to him were false, and the party making them knew that they were false at the time he made them, and knew they were made for the purpose of deceiving the party to whom they were made and to obtain some advantage of him.

3. Same—Mutual Mistake—Rescission.

If it is a mutual mistake between the parties, and neither of the parties knew the true facts about which the representation was made, then the party claiming to have been injured must offer to return what he has received and ask that the other party restore him to his former position and pay such damages as he can show he has suffered.

(Syllabus by Maxey, C.)

Commissioners' Opinion. Division No. 1.

Error from County Court, Payne County; Wilberforce Jones, Judge.

Action by S. C. Story against John Good. Judgment for plaintiff, and defendant brings error. Reversed.

J. M. Grubbs, for plaintiff in error.

W. M. Taylor, for defendant in error.

Opinion by MAXEY, C. This is an appeal from the county court of Payne county; Honorable Wilberforce Jones, Judge.

We will refer to the parties as they appeared in the court below. S. C. Story, plaintiff, sued John Good, defendant, for $100 damages before a justice of the peace at Cushing, Okla. The damages claimed were based on an alleged contract of purchase by the plaintiff from the defendant of two lots and the improvements thereon in the town of Cushing. It is claimed by the plaintiff that during the negotiations for the purchase of the house and lot, the defendant represented to the plaintiff that a certain well was on the lots he was selling to the plaintiff; and it appears from the evidence that the defendant, honestly and in good faith, believed that the well was on the premises he was selling to the plaintiff, but some time afterwards it was discovered that the well was about two feet over the line on another lot. At the time Good sold the house and the two lots to Story, Story expressed a desire to purchase the two lots lying east of the ones Good had sold him and

Good told him he would see Mr. Stiles, a real estate agent, and see if he could not arrange that. Good did not see Stiles and he went to see Story, and after some negotiations Story bought the two lots lying east of him, through Stiles, from a man by the name of Campbell, paying $125 for the two lots bought from Campbell. It appears that Campbell did not know that the well in question was on his lot that he was selling to Story and nothing was said about it and nothing was added to the price of the lot on account of the well. It appears that Campbell was under the impression that the well was on the lots that Good had sold to Story. After Story had acquired the two lots from Campbell he then went to Good and told him that they had measured the lots and that the well was not on lots Good sold him, but was some two feet over the line on the adjoining lot. The evidence is that Good told Story that he did not want to wrong him and would pay back the money that Story had paid him and would also take the two lots that Story had bought from Campbell at the same price Story had paid for them, but Story said he did not want to sell but thought Good ought to pay him something for the well not being on the lots that Good sold to him. Good told him that he was willing to do anything fair; that he honestly thought the well was on his lots and that he would return the consideration paid him if Story would deed him the lots back, and that he would also pay him the amount that he had paid Campbell for the two lots east, in order to place Story in as good position as he was in the beginning, but Story declined to accept a rescission of the contract and insisted upon keeping the property and wanted Good to pay him $100 for the well not being on the lots sold by Good to him. This Good refused to do and Story brought this suit. That part of the bill of particulars filed by plaintiff that sets up his claim for damages is as follows:

"That in the negotiation with the defendant for the purchase of the said lots and for the purpose of inducing the plaintiff to purchase the same at the price of the said $400, the said defendant represented to the plaintiff that a certain well of water was then and there located upon the said property and that said well of water enhanced the value of the said property in the said sum of $90;

"And that the plaintiff, believing and relying upon the statement of the said defendant that said well of water was then and there located upon the said property, and that its value did enchance the market and usable value of the said property, was thereby induced to and did purchase the said

property of and from the said defendant; paying therefor the sum of $400;

"That in truth and fact, if the plaintiff had of known that the said representation made by defendant to plaintiff as to the location of the said well was not as represented, he would not have purchased the said property at the price of $400;

"That had plaintiff known at the time, that said well of water was not located upon the said property, he would not have agreed to pay and would not have paid more than $300 for the said property, which would have been a reasonable market value for said property without the well being located thereon."

The evidence introduced by the plaintiff is substantially as above stated. In fact, there is very little conflict in the testimony. The only testimony as to the value of the well is that Story says when they were negotiating, Good told him the well cost him $75. Story states that he believed that Good was acting in good faith and was honest about thinking the well was on his lot. It is not entirely clear to our mind, from the testimony, just where this well is located, but it is somewhere near the line between the lots bought by Story from Good and the lots bought by Story from Campbell. It is not shown that Story suffered any actual damages by reason of the mistake, as he acquired the lots from Campbell a few days after he bought the lots from Story, and he paid nothing to Campbell in addition to the value of the lots for the well. In fact, from the evidence, it is clear to our mind that Campbell thought the well was on Good's lot and Story was not attempting to get any actual damages sustained by reason of the mutual mistake made about the well.

Both plaintiff and defendant testified at the trial, and there is substantially no difference in the testimony as to what was said about the well at the time of purchase of the land from Good by Story. It appears to have been an honest mistake on the part of both of them and no intentional wrong intended by Good when he stated that the well was on the lots he was selling.

Our Supreme Court in the case of Howe et al. v. Martin et al., 23 Okla. 561, 102 Pac. 128, handed down the following rule covering cases of this kind in the following language:

"A person induced by false and fraudulent representations to purchase or exchange for property has three remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely, and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such a case he must restore, or offer to restore, to the parties sued whatever he has

received by virtue of the contract, or, second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for plaintiff to restore, or make an offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations."

It is clear to our mind that the plaintiff is attempting to proceed under the third remedy mentioned in the above quotation. It cannot be contended that he proceeded under the first, because he *does not offer to* rescind the contract as there was no use in his offering to do so, 'for Good offered to rescind and pay him his money back not only for the lots he bought from him, but also agreed to pay him the amount paid to Campbell for the two lots purchased from him. In other words, Good offered to restore the plaintiff completely to where he stood when the negotiations between he and Story started. Therefore, *it cannot be contended* that Story is seeking to rescind the contract because he has refused to rescind, neither can it be contended that he is proceeding under the second remedy, which is an equitable action and could not be brought in a justice court nor in a county court; and under that remedy, he would have to restore the property he brought from Good, or offer to restore, before he could maintain an action under the *second remedy suggested.* Therefore, he must be attempting to proceed under the third remedy suggested above. Now let us see what would be the damages he has sustained by reason of relying upon the representations that Good made that the well was on the lot he was selling. Certainly he could not claim that he was damaged on that account, because Good offered to return him his money and pay him the amount he paid to Campbell, if he would convey the property back to him. This Story refused to do. We think that the law is well settled in this jurisdiction and that Story is not entitled to recover anything under the kind of action he has brought in this case. Howe et al. v. Martin et al., 23 Okla. 561, 102 Pac. 128; Herron v. Harbour, 57 Okla. 71, 155 Pac. 506; Carson v. Walker, 57 Okla. 182, 156 Pac. 1172.

There are several errors assigned, but under our view of the law it is not necessary to take them up and discuss each of them, because we hold that plaintiff cannot recover under any phase of the case, and the case should be reversed and remanded, with direction to the trial court to set aside the judgment entered and dismiss the case.

By the Court: It is so ordered.