### JETER v. De GRAFF.

No. 12228—Opinion Filed Oct. 23, 1923.

**1. Fraud—Fraudulent Representations — Falsity and Knowledge Thereof.**

A party is guilty of fraud and deceit where, with intent to induce another to enter into a contract, he makes a positive assertion, which is material, in a manner not warranted by his information, or where he is not shown to have reasonable grounds for believing it true, even though believed by the party making it. In such a case the definite assertion as a fact of that which is untrue, concerning that which the party has no knowledge, is tantamount in its effects to the assertion of something which the party knows to be untrue.

**2. Exchange of Property — Fraud — Remedies.**

A person induced by false and fraudulent representations to purchase or exchange for property has three remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely, and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such a case he must restore or offer to restore to the parties sued whatever he has received by virtue of the contract; or second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for plaintiff to restore, or make offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Pontotoc County; Orel Busby, Judge.

Action by Mary DeGraff against R. C. Jeter to recover damages on account of false representations as to the boundaries of certain city property in the City of Ada traded by defendant to plaintiff. Judgment for plaintiff, and defendant appeals. Affirmed.

Robert Wimbish and W. C. Duncan, for plaintiff in error.

Chas. L. Orr and Arden L. Bullock, for defendant in error.

Opinion by MAXEY, C. This suit was begun on the 9th day of February, 1920, by Mary DeGraff, who will hereafter be referred to as plaintiff, against R. C. Jeter, who will hereafter be referred to as defendant. The plaintiff states in her petition that in the month of December, 1918, she was the owner of a certain farm located in Pontotoc county, Okla., and that defendant was the owner of certain city property located in the city of Ada, Okla., described as lots 3 and 4 in block 8 of Donaghey addition to the city of Ada; that lot 3 had a residence thereon and lot 4 was a vacant lot adjoining said lot 3, and that defendant approached the plaintiff with a view of trading his said property for plaintiff's farm, above referred to. Plaintiff alleges that she was an old woman without business experience and had always lived upon a farm, and had no knowledge of city property or of the dimensions of lots or blocks; that said plaintiff at defendant's request went with the defendant to see the city property, above described, and said defendant then and there falsely and fraudulently represented the boundaries of the land he proposed to trade to her for her said farm, to include the land on which the house was located, being lot 3, and also the vacant land adjoining it on the west, being lot 4, and in furtherance of his fraudulent plan to cheat and defraud plaintiff pointed out and designated a certain fence on the east side of said property as the east line, and a certain fence on the west line of said vacant lot 4 as the west line of said property, which said descriptions and boundaries embrace and included said vacant lot 4, and falsely and fraudulently stated and represented to plaintiff that all of the real estate, so bounded and described, was one lot, which he proposed to trade to said plaintiff; that plaintiff believing the representation of said defendant, with reference to the boundaries of said real estate to be true, and relying thereon was thereby induced to, and did, trade her said farm, above referred to, for the city property of said defendant; and thereupon deeded her said farm to said defendant, and defendant executed and delivered to plaintiff a deed to lot 3, block 8, of the Donaghey addition to the city of Ada, plaintiff believing that said property therein described included all the real estate pointed out and designated to her by de-

fendant, including said vacant lot, and that she would not have entered into said transaction had she not so believed; that plaintiff did not discover that the land deeded to her by defendant did not include said vacant lot No. 4 until long after said transaction, and after she had moved on to said property; plaintiff further alleges that said vacant lot No. 4 was at the date of said transaction of the value of $600, and that the defendant sold said lot for the sum of $600. Plaintiff then sets out that defendant was to furnish her an abstract to the property, but failed and refused to do so, and that she had to procure an abstract herself at a cost of $17.50, and asked judgment for $600, the value of lot No. 4, and for $17.50 for the abstract. The defendant filed a general denial, then admits that he sold and traded plaintiff lot No. 3, and denies that he fraudulently represented to plaintiff that lot No. 4 was described in her deed, and that if she did not know that lot No. 4 was not described in the deed, it was her fault because she could have known. The sole issue on the trial was as to whether the defendant represented to plaintiff that he was trading her lots 3 and 4. The plaintiff, Mary DeGraff, testified that she was 54 years old, had two sons, Peter, 24, and Isaac, 19, and that they met the defendant Jeter in the city of Ada, who said he would like to trade his Ada property for her farm or sell her the property, and later came down and looked at her farm, and later she and her two sons went to see the defendant's property in Ada. He pointed out the fence between John Smith's place and this property as being the east line of the property, and he pointed out a fence on the west side of the vacant lot as the west line of said property, and said that he had a nice little orchard on it and pointed it out, and that she believed his statement. Isaac DeGraff testified that he and his brother went with his mother to see the property that Mr. Jeter wanted to trade her, and that he and his brother went with their mother and Mr. Jeter out to look at the property. He and his brother Peter testified to substantially the same facts that their mother testified to in regard to Jeter pointing out the boundaries of the property and speaking of the orchard. Jeter testified that he never pointed out any boundaries of any kind. He admits that he only sold her the house and lot 3. He admits that he afterwards sold lot 4 for $500, and that he did not know there was any dissatisfaction about the trade until this suit was brought.

We have carefully examined the testimony and think it clearly establishes the claim of the plaintiff that the defendant Jeter pointed out the boundaries of lots 3 and 4, and told her that was the property he was trading her for her farm; and that she believed that she was getting both lots when she made the trade. She and her two sons all testify to this, and the defendant just makes the broad statement that he did not point out any boundaries or say anything to her about an orchard. In the face of the plaintiff's testimony and that of her sons, we are compelled to believe the testimony of the plaintiff and her sons. The evidence was fairly submitted to a jury under instructions which appear to be fair and present the law of the case, and under the rule followed by this court in a long line of decisions, we will not disturb the verdict of a jury on a question of fact where there is any evidence to support it; and in this case we hold that the verdict of the jury is amply sustained by the testimony in the case. The defendant complains of the refusal of the court to give instructions Nos. 1, 2, and 3, and sets out what he claims to be said instructions in his brief. Defendant in error claims that no exceptions were saved to the refusal to give these instructions, but by reference to the case-made, we find these two instructions were requested by the defendant and refused by the court. We have examined these two instructions and think the court did not commit error in refusing them. There is no exception saved in the record to any of the instructions that were given, and after a careful reading of the instructions given by the court, we are satisfied that they present the law correctly, and that there is no error in the instruction given. Counsel for defendant insists on the law being that where fraud is alleged in procuring a deed a bare preponderance is not sufficient to establish a case, but it must be established by a preponderance so strong as to overcome all opposing evidence, and repel the presumption of honesty and fair dealing, and cites Moore v. Adams, 6 Okla. 48, 108 Pac. 392; Rogers v. Harris, 76 Okla. 215, 184 Pac. 459, and Owen v. United States Surety Company, 38 Okla. 123, 131 Pac. 1091. But an examination of these cases all show that they are not at all like the case at bar, and even if they were, the preponderance of the testimony in this case is so strong in favor of the plaintiff that no court or jury would find against it. The law of the case was laid down

by Howe et al. v. Martin et al., 23 Okla. 561, 102 Pac. 128, as follows:

"A person induced by false and fraudulent representations to purchase or exchange for property has three remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely, and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such a case he must restore or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for plaintiff to restore, or make offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations."

And this case has been followed in the following cases: Burke v. Smith, 57 Okla. 196, 157 Pac. 51; Werline v. Aldred, 57 Okla. 391, 157 Pac. 305, 158 Pac. 893; Hooker v. Wilson, 69 Okla. 43, 169 Pac. 1097; Byers v. Brisley, 81 Okla. 215, 198 Pac. 90; J. Couch & Sons v. Huber et al., 87 Okla. 83, 209 Pac. 764.

The writer of this opinion had occasion a few months ago to examine this question thoroughly in the case of Good v. Story, 91 Okla. 3, 215 Pac. 614, and also held in the last case cited that a person has three remedies, as set out in the second paragraph of the syllabus. That is what the plaintiff did in this case. She proceeded under the third remedy, above set out, and brought suit for the value of the lot that was not included in the deed, and for the cost of the abstract. There was testimony introduced as to the value of the lot, which shows that the lot was worth anywhere from $500 to $600. The jury evidently found the value of the lot at $550, and added the $17.50 cost of the abstract, which makes their verdict $567.-50. We think this verdict is justified by the testimony and that there is no error of which the defendant has any just cause to complain. The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.