**THOMASON, Gdn., v. THOMPSON et al.**

No. 16807—Opinion Filed Oct. 26, 1926.

Withdrawn, Corrected, Refiled,.and Rehearing Denied Feb. 8, 1927.

**1. Judgment—Presumption of Validity.**

All presumptions are in favor of the validity of judgments of courts of general jurisdiction.

**2. Appeal and Error—Motion to Vacate Judgment—Record—Presumption as to Issues Below.**

On appeal by one seeking by motion to

vacate a judgment upon the ground that it is void upon its face, where the case-made does not contain the pleadings of the opposing party, it will be presumed that issues were joined on all material allegations.

### 3. Partition—Object and Effect of Partition—Judgment on Compromise Between Contending Heirs of Allottee not Effective as Partition of Land.

The object of partition proceedings is to enable those who own property as joint tenants, coparceners, or tenants in common, to put an end to the tenancy so as to vest a sole estate in specific property, and contemplates an absolute severance of interests; and in a suit between two parties, each claiming exclusive ownership of allotted lands as the sole heir of the deceased allottee, a judgment rendered on a compromise agreement is not a judgment partitioning the lands.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Cases Nos. 3003, 4384 and 5429, pending in Creek County, wherein Herbert Thompson and Washie Riley were each claiming to be the owner of certain allotments as the sole heir of the deceased allottees, being consolidated, judgment was rendered on a compromise agreement. Eight years thereafter Washie Riley moved to vacate the judgment upon the ground that it was void upon its face. That motion being denied, Washie Riley appealed. Affirmed.

O. A. Morton, for plaintiff in error.

Blakeney & Ambrister, C. S. Walker, and John Rogers, for defendants in error Harry H. Rogers, Frank H. Reed, and McMan Oil Company.

Opinion by RAY, C. Defendants in error have filed motion to dismiss the appeal upon the ground that the question has become moot, but we think the case may, and ought to be, disposed of on the merits.

This suit involves title to the allotted lands in Creek county of Louisa Scott, Agnes Scott, and Thomas Thompson, deceased. November 8, 1913, in case No. 3003 in the district court of Creek county, wherein Herbert Thompson, by his guardian, was plaintiff, and Washie Riley, plaintiff in error, and others, defendants, judgment was entered, in which it was determined that Herbert Thompson was the sole and only heir of the deceased allottees, and that the defendant, Washie Riley, had no valid claim, right, title, or interest whatsoever in any portion of the lands. Thereafter certain of the defendants, known as the Coker heirs, filed their petition

to vacate the judgment upon the ground of fraud. Washie Riley, by his guardian, also filed petition to vacate the judgment. October 26, 1914, a journal entry of judgment was entered, which contained the finding that the guardian ad litem had attempted to settle and compromise the several claims of their respective wards, and that the judgment as against the minors was rendered according to agreement, and was therefore of no effect, and concluded:

"It is therefore ordered, adjudged, and decreed that the judgment rendered herein on the 8 day of Nov., 1913, be and the same is hereby nullified, set aside, and held for naught, to the extent that evidence may be heard to determine the merit of defense, and that the defendants are directed to appear, and present to the court such defense as they may have without regard to the agreement heretofore entered into between litigants, contemplating a settlement of the interests of the several litigants."

Washie Riley was not specifically mentioned. Thereafter Washie Riley filed an amendment to his petition to vacate the judgment of November 8, 1913, and prayed that a judgment be entered specifically declaring the original judgment to be void as to him, set aside and held for naught. Later, Washie Riley, by his guardian, filed suit No. 4384, and still later filed another suit in the same court, No. 5329. Pleadings in these two cases are not incorporated in the record, but the parties are agreed that both actions were for the purpose of vacating the judgment of November 8, 1913, as to him. The three cases, Nos. 3003, 4384, and 5329, being consolidated, the following judgment was entered:

"These consolidated causes coming on regularly to be heard on this the 3rd day of July, 1916; Herbert Thompson, a minor, being represented by J. R. Miller. his guardian ad litem; Washie Riley, a minor, being represented by John Caruthers, his guardian ad litem, Benjamin Coker, Daniel, or Seborn, Coker; Henry Coker and Eliza Coker, minors, being represented by W. V. Biddison, their attorney of record; and all other plaintiffs and defendants appearing by their respective attorneys of record.

"And upon motion of W. H. Gray, his cross-petition in cause No. 4384 and his petition in cause No. 5329, are hereby dismissed with prejudice; and the defendants Daniel Coker, Billie Coker. Betty Baker, formerly Coker. Lizzie Coker, Lucinda Coker. William Coker, Jennie Jacobs, Mary Tate. Deck Tate, Eliza Breeding, Mitchell Compier. Ida Harper, Alfred Harper, Benjamin Coker having filed herein their disclaimer; and Washie Riley, a minor. defendant in cause No. 3003, plaintiff in cause No. 4384, and plaintiff in case

No. 5329, having filed his motion herein to dismiss his cross-petition in cause No. 3003, and his petitions in causes Nos. 4384 and 5329; and accompanying said motion has filed an order of the county court of Okmulgee county, Okla., which court has jurisdiction of the person and estate of said Washie Riley, authorizing the said Washie Riley, his guardian, John W. Freeman, and guardian ad litem. John Caruthers, to settle and compromise said consolidated causes. which order is in words and figures as follows, to wit:

"Pending in the County Court of Okmulgee

County, Oklahoma.

"In the Matter of the Estate of
 Washie Riley, a Minor,

"John W. Freeman, Guardian    No. 738

"Order

"This matter coming on to be heard on this the 1st day of July, 1916, upon the petition of John W. Freeman, guardian of Washie Riley, asking the court for permission to compromise and settle said litigation now pending in the district court of Creek county, Okla., involving the title to the allotments of Louisa Scott, Agnes Scott, and Thomas Thompson, the same being causes Nos. 3003 and 4384 on the docket of said court, said allotments being specifically described in the pleadings, and for permission to dismiss said suits. and it appearing from the petition and the proof submitted in support thereof that the said Washie Riley, as the result of said compromise and settlement of said litigation, is to have delivered to him by the adverse claimants in said suit a good and perfect title to 109½ acres of the Agnes Scott allotment, lying in McIntosh county, being a portion of the land in controversy in said suit, and for the purpose of extinguishing whatever title the said Washie Riley might have in the lands involved in said litigation. he is to convey by proper probate proceedings his title thereto; and it further appearing that in addition to the said 109½ acres of land, which is to be delivered to the said Washie Riley, he is to receive from the adverse claimants, after the payment of all expenses of every kind and character, including costs and attorney's fees, the sum of $1,000 in cash.

"From the consideration of all of which the courts finds that the said settlement and compromise of said litigation is for the advantage of said Washie Riley, and for his best interests.

"It is therefore ordered and adjudged, that the said John W. Freeman, guardian, is authorized and empowered to accept said offer of compromise and to dismiss said litigation pending in the district court of Creek county, and said settlement should in all things be approved and confirmed, and it is further order that the said John W. Freeman. guardian, take such further steps as may be necessary to fully effectuate said compromise and settle said litigation.

"Seal                     Mark L. Bozarth,
                            "County Judge.

"The court being fully advised in the premises, after having heard the evidence and the argument of counsel. finds:

"That defendants (Cooker heirs), have no right, title or interest in the property in controversy herein, and the title of the plaintiff, Herbert Thompson, is, as against all of the said defendants, hereby quieted.

"The court further finds that the compromise settlement authorized and approved by the county court of Okmulgee county, Okla., and recommended by John Caruthers. guardian ad litem in this court, is in all respects fair and equitable, and is for the best interests of the minor, Washie Riley, and said settlement and compromise is hereby confirmed.

"The court further finds that Herbert Thompson, plaintiff in cause No. 3003, and defendant in causes No. 4384 and No. 5329, is the owner of the legal and equitable estate in and to the land in controversy, situate in Creek county, Okla., described as follows. to wit: * * *

"The court further finds that the leasehold title of the McMan Oil Company, acquired through Herbert Thompson, the owner of the above-described land, is valid and subsisting, and said title is hereby ratified and confirmed.

"The court further finds that Washie Riley is the owner of the legal and equitable estate of the following described premises being and situate in McIntosh county, Okla., to wit: * * *

"It is, therefore, considered. ordered, adjudged and decreed, that the said title of the McMan Oil Company and Herbert Thompson in and to the afore described premises, situate in Creek county, Okla.. and Hughes county, Okla.; be and the same is forever quieted as against all adverse parties in the above consolidated causes, and all adverse parties, their heirs, and assigns, are hereby perpetually enjoined from interfering with or in anywise disturbing the possession or rights of the said McMan Oil Company and Herbert Thompson; and as to the land above described in McIntosh county, Okla., the title of Washie Riley is hereby quieted, and all adverse claimants to said land are hereby perpetually enjoined from interfering with the title of the said Washie Riley in and to said land so situated in McIntosh county, Okla. * * *

"It is further ordered that the receiver herein, W. E. Brown, be discharged, and that the moneys so received by him be refunded to the McMan Oil Company, for whom he received same; and that he be al-

lowed the sum of $750 for his services herein; and that upon making such payment to McMan Oil Company, the receiver file his report therein exhibiting a receipt for the same. upon the filing of which he and his bondsmen will be discharged.

"It is further ordered that the expense of said receivership be borne equally by Herbert Thompson, Washie Riley, and the Coker heirs, each branch of defendants paying one-third part thereof.

"It is further ordered that the parties hereto pay their own expenses, except as hereinabove provided."

March 2, 1925, Washie Riley, as an incompetent, by his guardian. filed his motion in the consolidated case to vacate the judgment upon the ground that the judgment was void. The motion was set for hearing and all the parties notified. The court, being of the opinion that the judgment was not void upon its face, denied the relief prayed for, and ordered the motion stricken from the files.

The parties are agreed in oral argument that the question here for decision is whether the judgment of July 3, 1916, entered in the consolidated case, is void upon the face of the record.

It is the contention of counsel for Washie Riley, that it is made to appear by the judgment roll that the judgment entered in the consolidated case July 3, 1916, was one partitioning the ands of full-blood Creek Indians. and, therefore, void for the reason that the district court was without jurisdiction to partition the lands of full-blood Indians. The defendants in error concede that the district court had no jurisdiction to partition the lands of full-blood Indians, but say that the judgment was not one in partition, and also contend that it is not disclosed by the judgment roll that Washie Riley was a full-blood Indian.

The record brought here by case-made contains the journal entries of judgment in case No. 3003, entered November 8, 1913, and in the consolidated cases, but does not contain all of the pleadings which formed the issues upon which the judgments were rendered. The question then is, Does the judgment roll disclose: First, that Washie Riley is a full-blood Indian; and, second, that the judgment sought to be vacated is one in partition? It is conceded that the degree of Indian blood of Washie Riley is not disclosed by the judgment. The contention is that the pleadings, being a part of the judgment roll, an allegation of the degree of blood contained in the pleading is conclusive upon that point. It is pointed out that it was alleged in his answer and cross-

petition filed in case No. 3003, that he, Washie Riley, was a minor and a full-blood Creek Indian; that the same allegation is contained in his petition to vacate the judgment in No. 3003, and again in his application for the appointment of receiver. It is clear that the case-made does not contain the complete judgment roll. Plaintiff's petition in neither of the cases, Nos. 3003, 4384, or 5329, is included in the record. It is apparent from the judgments that issues were joined on these petitions. All presumptions are in favor of the validity of the judgment in a court of general jurisdiction. Core v. Smith, 23 Okla. 909, 102 Pac. 114.

A judgment is void on its face when it so appear by an inspection of the judgment roll, but would not be held void on its face unless the record thereof affirmatively shows the court was without jurisdiction. Good v. First National Bank of Roff, 88 Okla. 110. 211 Pac. 1051.

It is contended, however, that an allegation of the degree of blood contained in the pleading is not issuable, and that the court must take judicial notice of the enrollment records of the Five Tribes; that in order to overcome such an allegation, it is necessary for the opposing party to bring in the enrollment record, and show that the same does not there appear. That contention cannot be sustained. An allegation of the degree of blood, where it is material, is issuable, and where the pleadings of the opposing parties are not contained in the record, it must be presumed that such an allegation was put in issue. The district court being a court of general jurisdiction, and it being conceded that it had jurisdiction of the parties, it must be presumed that the judgment was supported by the evidence.

The averment of the degree of blood being issuable, and the presumption being, in the absence of the pleading, that issue was joined on such averment, it cannot be held that such averment establishes the degree of blood. The degree of blood could be made to appear from the judgment roll only by admission in the pleadings of the opposing party, or a formal admission made at the trial to obviate the necessity of proof, or the finding of the court or jury. We think it is not disclosed by the judgment roll that Washie Riley was a full-blood.

As to whether the judgment was one in partition must be determined from the journal entry of judgment as the pleadings of defendants in error are not incorporated in the record for our consideration. We think the nature and purpose of partition proceed-

ings are clearly stated in the authorities cited in plaintiff in error's brief:

"The object of partition proceedings is to enable those who own property as joint tenants, or coparceners or tenants in common, to put an end to the tenancy so as to vest a sole estate in specific property or an allotment of the lands or tenements. It contemplates an absolute severance of the individual interests of each joint owner, and, after partition, each has the right to enjoy his, estate without supervision, let, or hindrance from the other. 20 R. C. L. 716.

"Partition is the act or proceeding by which co-owners of property cause it to be either divided into as many shares as there are owners, according to their interest therein, or if that cannot be equitably done, to be sold for the best obtainable price and the proceeds distributed. Standard Procedure, vol 20.

"A partition is a separation between joint owners or tenants in common of their respective interests in land, and setting apart such interests, so that they may enjoy and possess the same in severalty. Meacham v. Meacham, 19 S. W. 757, 758, 91 Tenn. (7 Pickle) 532.

"The word 'partition,' in its legal sense, means the act or proceeding through which two or more co-owners cause the thing to be partitioned to be divided into as many shares as there are owners, and which vest in each of such persons. a specific part, with the right to possess it, free from a like right in other persons, who before partition had an equal right to possess. Hudgins v. Sansom, 10 S. W. 104, 105, 72 Tex. 229."

It is not made to appear that Herbert Thompson and Washie Riley were co-owners coparceners, joint tenants, or tenants in common. On the contrary, each was claiming to be the sole and only heir of the deceased allottees. That is made to appear by all the pleadings contained in the record, including the motion of Washie Riley of March 25, 1925, to vacate and set aside the judgment. The judgment on its face does not purport to partition the property between Herbert Thompson and Washie Riley. It shows on its face that a compromise was entered into for the purpose of terminating the litigation, and that compromise was approved by the county court having jurisdiction of the person and estate of Washie Riley, and by the trial court.

It is made to appear by the judgment of July 3 1916, that Herbert Thompson was the owner of the lands involved located in Creek county and the title was quieted in him and that Washie Riley was given certain lands in McIntosh county in a compromise settlement of the litigation and the

title quieted in him, and an additional $1,000. It is alleged in the motion to vacate the judgment that the lands in Creek county declared to be the property of Herbert Thompson were oil lands of the value of $500,000 or more, and the land awarded to Washie Riley was worth not to exceed $1,500. It is argued that as the judgment awarded certain of the lands to Herbert Thompson and certain other lands to Washie Riley, the judgment necessarily included the finding that they were both heirs of the deceased allottees, and that the division was so unequal that it must be presumed that no court would have made it with full knowledge of the value of the respective properties.

We think this contention is not sustained by sound reasoning. The record discloses that a receiver had been appointed to collect the royalties from the land in Creek county, and was required to give a bond in the sum of $100,000. It is conclusive, therefore, that the court had knowledge that the lands in Creek county were oil lands. We think it would be more reasonable to conclude from the judgment that the county court and the trial court had knowledge of the value of the properties, and that the award to Washie Riley was made on a doubtful and unestablished claim which the rightful owner of the land in Creek county, and his lessees, could afford to pay to terminate the litigation.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 353, §567; p. 537, §841; 15 R. C. L. p. 880; 3 R. C. L. Supp. p. 503; 5 R. C. L. Supp. p. 856. (2) 4 C. J. pp. 735, 736 (Anno), §2665. (3) 31 C. J. p. 490, §50 (Anno). (4) 30 Cyc. p. 152; p. 305; (Anno); 20 R. C. L. p. 716; 4 R. C. L. Supp. p. 1375.