### GREEN et al. v. CORRELL et al.

No. 18554. Opinion Filed July 31, 1928.

Rehearing Denied Oct. 30, 1928.

McKeown & Green, for plaintiffs in error.
B. C. King and W. A. Delaney, Jr., for defendants in error.

HEFNER, J. Joe Correll and Zadie Correll, as plaintiffs, commenced this action in the district court of Pontotoc county against C. F. Green and E. L. Spencer, the plaintiffs in error herein, as defendants. After the trial in the lower court the plaintiff Joe Correll died intestate, no administrator was appointed, and the cause was revived in the name of his heirs at law, Mary Correll, his mother, and Zadie Correll, his wife, the defendants in error herein. We shall refer to the parties as they appeared below.

The purpose of the suit was to quiet title in the plaintiffs to their homestead and to cancel as a cloud upon the title thereto a judgment rendered in the district court of Pontotoc county in which E. L. Spencer was plaintiff and Joe Correll and others were defendants. The petition deraigns the title of plaintiffs and declares that the lands involved in this controversy constitute the homestead of plaintiffs and that the homestead character had been impressed upon said premises long prior to the time judgment in cause No. 5563 was rendered. The defendants filed a general denial, and specifically denied the lands involved herein were at any time the homestead of the plaintiffs. After the evidence had been introduced the defendants filed an amendment to their original answer to conform to the proof at the trial. The plaintiffs prevailed in the lower court and the defendants have appealed.

The defendants say the court committed error in overruling their request for a jury trial. Section 532, C. O. S. 1921, is as follows:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

This is not an action for possession. The plaintiffs were in possession and brought an equitable proceeding to remove a cloud upon the title. The cloud was a judgment lien.

The rule is well settled that the character of an action is determined by the nature of the issues made by the pleadings and the rights and remedies of the parties and not alone by the form in which the action is brought or by the prayer for relief. In this action the plaintiffs were in possession and they sought to have canceled a judgment lien which was a cloud upon their title. The purpose of the action was primarily to administer equitable relief. It is not one for relief in ejectment at common law and therefore is not one for the recovery of specific real property as is defined in section 532, supra, and not being such an action, the defendants were not entitled to a jury trial.

The defendants next urge the error of Hon. Orel Busby, district judge, and successor to Judge J. W. Bolen by election, in overruling the motion of the defendants for a new trial after the term of office of Judge Bolen, the trial judge, had expired.

The motion for a new trial was not passed upon by Judge Bolen before he went out of office, but was passed upon by Judge Busby, his successor in office.

The rule seems to be well settled in Oklahoma that Judge Busby, the successor in office, not only had the power to pass upon the motion for a new trial, but that it was his duty so to do. In the case of Adams v. Wallace, 94 Okla. 95, 221 Pac. 16, this court said:

"After the term of office of the trial judge has expired, he has no power to pass on a motion for a new trial filed within his term of office, but undisposed of. The successor in office of a trial judge has jurisdiction to pass on such motion for a new trial where the term of office of the trial judge expires before the motion is disposed of."

This court again had this question under consideration in the case of Tidal Refining Co. v. Chas. E. Knox Oil Co., 116 Okla. 1, 243 Pac. 150. There it was contended that a new trial should be granted because the judge who tried the case died prior to the time the motion for a new trial was presented and his successor who heard the motion for a new trial did not have the evidence before him at the time the motion was argued. In that case it was said:

"To hold that a new trial should be granted upon the death or retirement of the judge who tried the case, would result in vexatious delays and cause many unneces-

sary retrials, as the judges of the courts of record in this state are elected for comparatively short terms, and upon the failure of re-election, all cases pending on motion for new trial, wherein the retiring judge was the trial judge, regardless of the merits of the motion, would have to be retried."

The defendants also say the trial court committed error in overruling the motion of the defendants for a new trial upon newly discovered evidence. It is alleged that after the suit was filed the plaintiffs conveyed the lands to a Mrs. Carney by general warranty deed. The deed was immediately recorded after its execution. The defendants were charged with notice of the deed as soon as it was recorded. It is a matter of discretion of the court to allow a new trial upon newly discovered evidence and its action in overruling such a motion will not be disturbed unless that discretion was abused.

The rule is well settled in this state that in case of a transfer of real estate during the pendency of the litigation, the action may be continued in the name of the original party or the court may allow the person to whom the transfer is made to be substituted in the case. Gillett v. Romig, 17 Okla. 324, 87 Pac. 325. If the deed had been introduced in evidence, still the plaintiffs could have prosecuted the action to a final determination. The issues would not have been changed thereby. The trial court committed no error in this respect.

The defendants in their fourth and fifth assignments of error say the court committed error in admitting incompetent evidence offered on the part of the plaintiffs and in excluding material evidence offered on the part of the defendants, and that the verdict was not supported by sufficient evidence, and further that the court committed error in overruling the demurrer of defendants to the evidence of the plaintiffs. We have carefully examined these assignments and do not find that the court committed any reversible error therein.

The judgment of the trial court is affirmed.

MASON, V. C. J., and LESTER, HUNT, and RILEY, JJ., concur.