HERRING v. GRAHAM



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HERRING v. GRAHAM

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HERRING v. GRAHAM
2019 OK CIV APP 1
Case Number: 116184
Decided: 12/07/2018
Mandate Issued: 01/09/2019
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2019 OK CIV APP 1, __ P.3d __

 


ANGELA HERRING, As Administrator for the ESTATE OF ELIZABETH A. JONES, Judgment Creditor/Appellant,
v.
RICKY GRAHAM, Judgment Debtor/Appellee,
and
LISA GRAHAM, Judgment Debtor.
APPEAL FROM THE DISTRICT COURT OF
ALFALFA COUNTY, OKLAHOMA
HONORABLE JUSTIN P. EILERS, TRIAL JUDGE
REVERSED
Samuel L. Stein, LAW OFFICES OF SAM STEIN, PLLC, Cherokee, Oklahoma, for Appellant,
Brendon S. Atkinson, GUNGOLL, JACKSON, BOX & DEVOLL, P.C., Enid, Oklahoma, for Appellee.
BRIAN JACK GOREE, VICE-CHIEF JUDGE:
I. FACTS
¶1 This is an appeal from an order of the district court granting a motion to vacate a foreign judgment from the Harper County, Kansas district court. The primary question in this appeal is whether the district court abused its discretion in vacating the Kansas judgment as facially void for lack of jurisdiction. The parties dispute the characterization of the Kansas court's exercise of jurisdiction.
¶2 Some background regarding the Kansas litigation is helpful in understanding this appeal. In the underlying Kansas proceeding, Ricky and Lisa Graham filed their Petition for Protection from Stalking against Elizabeth Jones.[1] In response, Jones filed her Answer and Counterclaims alleging breach of fiduciary duty as attorney in fact, fraud, and breach of contract. Later, Jones filed her Motion for Sanctions, including default judgment against the Grahams. The Kansas district court entered its Journal Entry Nunc Pro Tunc for default judgment and other sanctions against the Grahams.
¶3 After securing this relief, Angela Herring, Appellant, registered the Kansas foreign judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, 12 O.S. § 719 et seq. On August 19, 2014, Herring filed in the Alfalfa County, Oklahoma district court her Amended Foreign Judgment Registration Affidavit and attached the Kansas district court's Journal Entry Nunc Pro Tunc dated August 11, 2014 (Kansas Judgment). The Kansas Judgment provides in pertinent part:
5. As sanctions, the factual allegations of Elizabeth A. Jones's verified Answer to Petition for Protection from Stalking and Counterclaims are found to be true and correct, and default judgment is rendered thereon in favor of the Estate of Elizabeth A. Jones. Pursuant to this judgment, the Court orders:

a. the Estate is awarded damages for Plaintiffs' breach of fiduciary duty as attorney in fact, fraud, and, breach of contract, said damages to be liquidated by the Court at a subsequent hearing;
b. the August 12, 2004, Agreement between Elizabeth A. Jones ("Jones") and Plaintiff Rick Graham is rescinded due to material breach of contract and fraud; c. the August 12, 2004, deeds of real property are found to be void ab initio due to fraud in the inducement and breach of fiduciary duty, those properties being more specifically described as:
i. SE/4 of Section 6, Township 35S, Range 8W of the 6th P.M., Harper County, Kansas;
ii. NE/4 of Section 7, Township 35S, Range 8W of the 6th P.M., Harper County, Kansas; and iii. S/2 SE/4 of Section 33, Township 29N, Range 9W of the Indian Meridian, Alfalfa County, Oklahoma
¶4 In response to Herring's registration of the Kansas Judgment, Rick Graham, Appellee, filed his Motion to Vacate Foreign Judgment arguing that the Kansas court did not have jurisdiction to affect title to real property in Oklahoma, and therefore, the Kansas Judgment was void on its face. The district court agreed and vacated the Kansas Judgment. Herring appealed.
II. STANDARD OF REVIEW
¶5 On review, the issue is whether the district court erred in vacating the Kansas Judgment as facially void due to the Kansas court's extraterritorial exercise of jurisdiction over real property in Oklahoma. We review the trial court's decision to vacate the Kansas Judgment for abuse of discretion. See Ferguson Enters., Inc. v. H. Webb Enters., Inc., 2000 OK 78, ¶5, 13 P.3d 480, 482.
¶6 An appellate court's inquiry into a district court's decision to vacate a judgment focuses on the correctness of the trial court's response to the motion to vacate and not on the underlying judgment. Central Plastics Co. v. Barton, Indus. Inc., 1991 OK 103, ¶2, 818 P.2d 900. "An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." Christian v. Gray, 2003 OK 10, ¶43, 65 P.3d 591. A showing of a trial court's abuse of discretion is different when the court's decision is founded on an erroneous legal conclusion than when founded on an erroneous factual finding. When a court reviews a trial court's ruling for abuse of discretion on a legal conclusion, the effective standard of review is de novo. Id. A stronger showing of abuse of discretion is required when a trial court vacates a judgment than when it refuses to vacate a judgment. Midkiff v. Luckey, 1966 OK 49, ¶6 412 P.2d 175, 176-77. "To reverse on the grounds of abuse of discretion, the appellate court must find that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence." Okla. Turnpike Auth. v. Asher, 1993 OK 136, ¶7, 863 P.2d 1205 citing Abel v. Tisdale, 1980 OK 161, ¶20, 619 P.2d 608.
III. ANALYSIS
A. Foreign Judgment Registration and Vacation Procedure
¶7 The Kansas Judgment registered in Oklahoma must be valid to receive full faith and credit under the law. See Sharp v. Sharp, L.R.A., 1916 OK 736, ¶16, 166 P. 175. The Uniform Enforcement of Foreign Judgments Act, 12 O.S. §719 et seq., governs the enforcement in Oklahoma of a sister state's judgment. RKO Pictures, Inc. v. Barkley, 1992 OK CIV APP 18, ¶11, 838 P.2d 518. Oklahoma gives full faith and credit to valid judgments of sister states. 12 O.S. §720. Validity requires that the court meet all the jurisdictional requirements: jurisdiction of the parties, jurisdiction of the subject matter, and jurisdiction to render the particular judgment. Sharp, ¶6. A judgment rendered without jurisdiction is void. Id.
¶8 A sister state's judgment registered in Oklahoma pursuant to 12 O.S. §721, is treated as any other Oklahoma district court judgment and is "subject to the same procedures . . . and proceedings for . . . vacating." 12 O.S. §721.
¶9 In Oklahoma, a facially void judgment may be vacated at any time. 12 O.S. §1038. A judgment is facially void when the judgment roll[2] reveals a lack of any of the requisite jurisdictional requirements. Booth v. McKnight, 2003 OK 49, ¶11, 70 P.3d 855, 859-60.[3] A facially void judgment is subject to collateral attack by any interested party at any time wherever venue may be laid. Id. 
B. Jurisdictional Inquiry
¶10 While the Oklahoma Court may not inquire into the merits of the Kansas Judgment, it does have the ability to review its exercise of jurisdiction. See Sharp, ¶6 citing Elliott v. Piersol, 26 U.S. 328, 7 L. Ed. 164 (1828).
¶11 The parties disagree about the characterization of the Kansas court's jurisdiction in the underlying proceeding. Appellee argues the Oklahoma district court was correct in voiding the judgment because the Kansas court entered judgment in rem by finding the deed to Oklahoma real property void. Appellant, on the other hand, argues the Kansas court exercised in personam jurisdiction over the parties when it found the deed concerning Oklahoma real property void ab initio. Appellant further urges it was error for the Oklahoma district court to vacate a properly registered foreign judgment as void on its face when the Oklahoma district court did not have the entire judgment roll for review.
¶12 The district court reviewed Appellee's Motion to Vacate Foreign Judgment and the parties' respective brief in support of the motion and response to conclude that the "subject of the domesticated Foreign Judgment is real property [in Oklahoma] . . . which the Kansas Court . . . had no jurisdiction."
¶13 The district court reviewed the Kansas judgment and found it void on its face. The Kansas Judgment awards Appellant "damages for Plaintiffs' breach of fiduciary duty as attorney in fact, fraud, and, breach of contract", rescinds "the August 12, 2004 Agreement between Elizabeth A. Jones and Plaintiff Rick Graham", and finds "the August 12, 2004 deeds to real property . . . void ab initio due to fraud in the inducement and breach of fiduciary duty." The deed to real property includes the "S/2 SE/4 of Section 33, Township 29N, Range 9W of the Indian Meridian, Alfalfa County, Oklahoma."
¶14 While a Kansas court may have jurisdiction over the parties and the subject matter of certain claims, a Kansas court lacks authority to issue a judgment in rem with regard to Oklahoma property. See Sharp, ¶6.[4] A judgment in rem has the effect of establishing title to land. Sharp, ¶¶8-10.[5]
It is characteristic of a judgment in rem that it operates on a thing or status rather than against the person, and binds all persons to the extent of their interest in the thing whether or not they were parties to the proceedings, and that it operates only on the property which is the subject of the litigation. 
Arvest Bank v. SpiritBank, N.A., 2008 OK CIV APP 55, ¶20, 191 P.3d 1228.
¶15 A court in equity with in personam jurisdiction may adjudicate the rights of the parties before it, even though such rights relate to lands in another state, but it may only make such decree effective by exerting power over the individuals by contempt or otherwise. Sharp, ¶6. A Kansas court having jurisdiction over the parties may only indirectly affect title to land in Oklahoma. Id. ¶9. The remedies granted by a Kansas court can only operate upon the person and not upon land in Oklahoma. See id. A court of equity acts in personam "by compelling a deed to be executed or canceled by or in behalf of [a] party." Id. It has no inherent power, by the mere force of its decree, to annul a deed, or to establish a title. Id. citing Hart v. Sansom, 110 U.S. 151, 3 S.Ct. 586, 28 L.Ed. 101 (1884).
¶16 Whether a judgment is in personam or in rem depends upon the character of the action. Arvest Bank v. SpiritBank, N.A., 2008 OK CIV APP 55, ¶20, 191 P.3d 1228. "The character of an action is determined by the nature of the issues framed by the pleadings and the rights and remedies of the parties, and not solely by the form in which the action is brought or by the prayer of relief." Id. citing Comstock v. Little, 1961 OK 35, 359 P.2d 704 and Green v. Correll, 1928 OK 501, ¶0, 133 Okla. 94, 271 P. 241.
¶17 In the case at hand, it is difficult to determine the character of the action; the inquiry into the Kansas court's exercise of jurisdiction is obscured by the fact that the judgment roll and record before the district court and this court is lacking. The record fails to include those items which assist in determining the character of the action. See id.
¶18 Herring argues as one of her propositions of error that the district court erred when it vacated the judgment as void on its face when the Oklahoma trial judge did not have the complete judgment roll to review.
[6] From the face of the Kansas Judgment, it appears the subject of the litigation was Grahams' Petition for Protection from Stalking and Jones' Answer to Petition and Counterclaims for breach of fiduciary duty, fraud, and breach of contract. It is difficult to discern the effect of the Kansas Judgment in isolation from the entire judgment roll.[7] In order to understand the effect of the Kansas Judgment it is necessary to understand the relationship, if any, between the rescission of the August 12, 2004 Agreement (referenced in paragraph 5b) and the finding that the August 12, 2004 deed is void ab initio (referenced in paragraph 5c). The Agreement, deed, or any other pleading referencing either document were not included in the record before the district judge or in the record on appeal. While the Kansas Judgment is included as part of the judgment roll, the district court's record was insufficient to determine that the Kansas court lacked jurisdiction and to base its decision to vacate the judgment as void on its face. See Halliburton Oil Producing Co. v. Grothaus, 1998 OK 110, ¶¶10-11, 981 P.2d 1244. A reviewing court may only take notice of the record before it. Id.
¶19 In paragraph 5b of the Kansas Judgment, the Kansas court rescinded the August 12, 2004 Agreement between Elizabeth A. Jones and Rick Graham due to fraud and breach of contract.
[8] A court in equity may rescind an agreement between parties. See Jeter v. De Graff, 1923 OK 826, ¶0, 219 P. 345. "The effect of a rescission of an agreement is to put the parties back in the same position they were in prior to the making of the contract." Berland's Inc. of Tulsa v. Northside Vill. Shopping Ctr, Inc., 1968 OK 136, ¶18, 447 P.2d 768. Accord Whiteley v. O'Dell, 219 Kan. 314, 548 P.2d 798 (1976). "The effect of a rescission is to extinguish the contract and to annihilate it so effectually that in contemplation of the law it has never had any existence." Id. Where the power of attorney is itself invalid, any document executed by the purported attorney in fact is void. See ABN Amro Mtg. Grp. Inc. v. Stephens, 91 A.D.3d 801, 939 N.Y.S.2d 70 (N.Y.App. Div. 2012) (a deed based on forgery of the power of attorney or obtained by false pretenses is void ab initio).
¶20 In paragraph 5c of the Kansas Judgment, the Kansas court found the August 12, 2014 deed concerning real property in Oklahoma "void ab initio due to fraud in the inducement and breach of fiduciary duty." A court declaring a deed void by virtue of the decree alone would be to attribute to the decree the force and effect of a judgment in rem. Sharp, ¶13 citing Carpenter v. Strange, 141 U.S. 87, 11 S.Ct. 960, 35 L.Ed. 640 (1891).
[9] This case is distinguishable from Carpenter if the Kansas court found the deed void ab initio indirectly as a result of the recision of the Agreement rather than directly by force of the decree alone. While a Kansas court cannot by force of its decree affect title to real property in Oklahoma, it can indirectly affect title by its exercise of power over the parties. See Sharp, ¶¶ 6-16.
¶21 A review of the record indicates the Kansas court may have been exercising jurisdiction in personam; the Kansas court finding the deed void ab initio is potentially the result of rescinding the Agreement. The deed may be void by operation of law rather than by mere force of the decree.
[10]
¶22 If there is any doubt regarding what issues were determined in a judgment, it is proper for the court to construe the judgment in light of the entire judgment roll or record. Keel v. MFA Mut. Ins. Co., 1976 OK 87, ¶¶6-7, 553 P.2d 160. It is presumed that the court entering judgment intended to render a valid judgment on the issues presented. Id. ¶7. Error is not presumed from a silent record. Reeves v. Agee, 1989 OK 25, ¶15, 769 P.2d 745. When error is not shown, or its presence cannot be ascertained from an incomplete, deficient or equivocal record, an appellate court must always yield to the law's presumption that the trial court's decision is legally correct. Id.
¶23 The record does not show that the Kansas court was exercising jurisdiction in rem. The district court's review of the record before it could, at best, demonstrate that there was an uncertainty regarding jurisdiction. "A judgment is void on its face when it so appears by an inspection of the judgment roll, but would not be held void on its face unless the record thereof affirmatively shows the court was without jurisdiction." Thomason v. Thompson, 1926 OK 865, ¶3, 253 P. 99. As such, the district court abused its discretion in vacating the Kansas Judgment.
IV. CONCLUSION
¶24 The district court abused its discretion in vacating the underlying Kansas Judgment when the record before it did not affirmatively show the court was without jurisdiction. Only when the lack of jurisdiction is apparent from the face of the judgment roll may a judgment be vacated as void on its face. Here, the record reveals uncertainty about whether the judgment was rendered in personam or in rem. The district court lacked the requisite record to determine the Kansas court was without jurisdiction and therefore void on its face.
¶25 REVERSED.
SWINTON, P.J., and MITCHELL, J., concur.
FOOTNOTES
[1] Elizabeth Jones, defendant in the underlying proceeding, passed away during the course of the litigation and was succeeded by Angela Herring, the administrator of Jones' estate.
[2] The term "judgment roll" is generally synonymous with "common-law record" or "record proper." Rodgers v. Higgins, 1993 OK 45, ¶11 n. 31, 871 P.2d 398. It includes "the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court." 12 O.S. §32.1.
[3] 12 O.S. §1038 states: "A void judgment, decree or order may be vacated at any time, on motion of a party, or any person affected thereby." See also Halliburton Oil Producing Co. v. Grothaus, 1998 OK 110, ¶10 n. 11, 981 P.2d 1244, (when a district court judgment is void on the face of the judgment roll and no proof other than the record is needed to show the fatal jurisdictional defect, no lapse of time can bar an attack, direct or collateral. But if extrinsic evidence is needed to show the jurisdiction's absence, the judgment is not facially invalid)(citations omitted).
[4] "Jurisdiction to render a judgment in rem inheres only in the courts of the state which is the situs of the res." Sharp, ¶6.
[5] The primary question in Sharp was whether the sister state's decree affected title to real estate in Oklahoma. The decree declared Husband owner of real property located in Oklahoma free from any claim of title or interests whatsoever of Wife. Sharp, ¶8. The court concluded the decree did not attempt to render a judgment in personam as it related to the real estate, but "in form at least rendered a judgment in rem." Id. ¶9. The decree did not purport to exercise control over the parties, but "through the force of the decree itself, determine the validity of the asserted rights of [Wife] in and to the real estate, and thus, not indirectly but directly, affect[ed] the title or status of lands in Oklahoma." Id. In Oklahoma, Husband brought an action in ejectment against Wife. In support of his ownership, Husband provided a deed and the sister state's decree declaring him the owner of the real property. On review, the Oklahoma Supreme Court reversed concluding it was error to hold the sister state's decree conclusive as to ownership of the land in Oklahoma and preclude the Wife's opportunity to establish her asserted rights in the real property. Sharp, ¶¶16-17.
[6] Herring cites Halliburton, supra note 3, for the proposition that the entire judgment roll is necessary before determining the facial validity of the Kansas Judgment. In Halliburton, the appellant claimed the court lacked subject matter jurisdiction to determine a deficiency. Halliburton, ¶8. On review, the court concluded that the record before it was insufficient to determine the facial validity of the foreclosure suit, the sheriff's sale, the post sale confirmation, and the deficiency determination. Id. at ¶11. Here, like in Halliburton, the meaning and effect of the court's adjudication must be resolved by resort solely to the face of the judgment roll. See Fent v. Okla. Nat. Gas Co., a Div. of Oneok Inc., 1994 OK 108, ¶11, 898 P.2d 126. The meaning, legal effect and validity cannot be assessed solely from the Kansas Judgment alone. See id. at n. 10.
[7] The judgment roll includes "the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders judgments, and all material acts and proceedings of the court." 12 O.S. §32.1.
[8] Prima facie case of fraud is established if the plaintiff shows that the defendant held the principal's power of attorney and that the defendant, using the power of attorney, made a gift to himself or herself; the burden of going forward under such circumstances falls upon the defendant to establish by clear and convincing evidence that the transaction was made pursuant to power expressly granted in the power of attorney document and made pursuant to the clear intent of the donor. 
140 Am. Jur. Trials 185 citing Litherland v. Jurgens, 291 Neb. 775, 869 N.W.2d 92 (2015).
[9] In Carpenter, a New York court having jurisdiction of the parties declared a deed to Tennessee lands void and that the defendant took no title under it. The Tennessee court refused to recognize the New York Judgment. On appeal to the United States Supreme Court, the Court agreed that Tennessee was "not obliged to surrender jurisdiction to the courts of New York over real estate in Tennessee, exclusively subject to its laws and the jurisdiction of its courts." Carpenter v. Strange, 141 U.S. 87, 106, 11 S.Ct 960, 35 L.Ed. 640 (1891). The New York court in equity could have "compel[led] him to act in relation to property not within its jurisdiction" but cannot directly operate upon the real property or affect title in Tennessee. Id. at 105-06. A New York court declaring the deed to Tennessee real property void "would be to attribute to that decree the force and effect of a judgment in rem by a court having no jurisdiction over the res." Id. at 106. "Direct action upon . . . real estate [located in another state is] not within the power of the court." Id.
[10] Included in the record before us is the Appellant's Suggestion Upon the Record of the Entry of Mandate and attached copy of the Kansas Mandate. Rec. at 103. The Kansas Court of Appeals stated:
It is important to remember that Jones had filed counterclaims against the Grahams for conversion of personal property and against Rick Graham for breach of fiduciary duty, breach of contract, and fraud. The controversy centers on (1) Rick Graham's role as Jones' attorney-in-fact to manage all of her personal and real property, financial and personal affairs, and to make health care decisions for her; and (2) a contract between Jones and Rick Graham to deed him two tracts of land in Harper County, Kansas, amounting to 320 acres, as well as 80 acres in Alfalfa County, Oklahoma. All of this was in exchange for Rick Graham's agreement to assume a small mortgage on the property and to continue an existing cattle operation, splitting the net proceeds equally between Jones and himself. Jones retained a life estate on the tract in Kansas containing her residence.
Rec. at 118.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1992 OK CIV APP 18, 838 P.2d 518, 63 OBJ 3223, RKO Pictures, Inc. v. Barkley
Discussed
 2008 OK CIV APP 55, 191 P.3d 1228, ARVEST BANK v. SPIRITBANK, N.A.
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1989 OK 25, 769 P.2d 745, 60 OBJ 369, Reeves v. Agee
Discussed
 1991 OK 103, 818 P.2d 900, 62 OBJ 3114, Central Plastics Co. v. Barton Industries, Inc.
Discussed
 1993 OK 45, 871 P.2d 398, 64 OBJ 1255, Rodgers v. Higgins
Discussed
 1993 OK 136, 863 P.2d 1205, 64 OBJ 3286, Oklahoma Turnpike Authority v. Asher
Discussed
 2000 OK 78, 13 P.3d 480, 71 OBJ 2590, FERGUSON ENTERPRISES, INC. v. H. WEBB ENTERPRISES, INC.
Discussed
 1994 OK 108, 898 P.2d 126, 65 OBJ 3215, Fent v. Oklahoma Natural Gas Co.
Discussed
 1916 OK 736, 166 P. 175, 65 Okla. 76, SHARP v. SHARP.
Discussed
 1961 OK 35, 359 P.2d 704, COMSTOCK v. LITTLE
Discussed
 1966 OK 49, 412 P.2d 175, MIDKIFF v. LUCKEY
Discussed
 1923 OK 826, 219 P. 345, 93 Okla. 76, JETER v. De GRAFF
Discussed
 1968 OK 136, 447 P.2d 768, BERLAND'S OF TULSA v. NORTHSIDE VIL. SHOP. CTR.
Discussed
 2003 OK 10, 65 P.3d 591, CHRISTIAN v. GRAY
Discussed
 2003 OK 49, 70 P.3d 855, BOOTH v. McKNIGHT
Discussed
 1976 OK 87, 553 P.2d 160, KEEL v. MFA MUTUAL INSURANCE COMPANY
Discussed
 1980 OK 161, 619 P.2d 608, Abel v. Tisdale
Discussed
 1928 OK 501, 271 P. 241, 133 Okla. 94, GREEN v. CORRELL
Discussed at Length
 1926 OK 865, 253 P. 99, 123 Okla. 218, THOMASON v. THOMPSON
Discussed
 1998 OK 110, 981 P.2d 1244, 69 OBJ 3784, Halliburton v. Grothaus
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 32.1, Contents of Record
Discussed
 12 O.S. 719, Short Title
Discussed
 12 O.S. 720, Definition
Cited
 12 O.S. 721, Filing and Status of Foreign Judgments
Discussed
 12 O.S. 1038, Proceedings to Vacate or Modify a Judgment, Decree or Order
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA