## ALLEN v. FIRST NATIONAL BANK & TRUST CO.

No. 26861. Jan. 26, 1937.

Rehearing Denied March 9, 1937.

Application for Leave to File Second Petition for Rehearing Denied April 27, 1937.

Louis W. Pratt, for plaintiff in error.

Vilas V. Vernor, for defendant in error.

PER CURIAM. This action was brought by the First National Bank & Trust Company of Muskogee against James A. Allen, to enforce liability on a promissory note. Judgment for the plaintiff was rendered on the pleadings, and the defendant appealed to this court. The cause was reversed and remanded for a new trial. See Allen v. First National Bank & Trust Co., 170 Okla. 3, 37 P. (2d) 628. The cause was thereupon again tried and judgment rendered in favor of the plaintiff for the amount sued for less a credit of $4,070, and the defendant again appealed. The parties will be referred to in this opinion as they appeared in the trial court. Defendant assigns eight specifications of error and argues them under the following single proposition:

"The trial court erred in determining the extent to which the defendant was prejudiced and therefore exonerated from liability as a surety upon his endorsement of the note of the Holcomb Oil Company, by the acts and omissions of the plaintiff, the creditor, in breach of its agreement and violation of its duty."

Sixteen pages of defendant's brief are devoted to a discussion of this proposition, but not a single authority is cited, nor is any error definitely pointed out or called to our attention, and the argument made wholly fails to support any of the specifications of error assigned. The brief does not comply with the rules of this court. The argument advanced is hardly plausible, and far from convincing. As we have said in Brunson v. Emerson, 34 Okla. 211, 124 P. 979:

"This court will not examine the record in search of prejudicial errors which are not clearly pointed out and insisted on in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this the point will not be considered as having been made, but counsel should support the same with argument and citation of authority where possible."

And as we have further said in Chestnut & Smith v. Lynch, 84 Okla. 199, 202 P. 1018:

"A plausible, but not convincing, argument in the brief, unsupported by citation of authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court."

Under these circumstances, as said in Carr v. Seigler, 52 Okla. 485, 153 P. 141:

"Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail."

We have therefore examined the record and find the same free from any fundamental error. This being true, the judgment of the trial court will not be disturbed.

Judgment affirmed.

OSBORN, C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur.