**Jeremy KEEL and Richard Keel, minors, by and through their mother and next friend, Judith Keel, Appellees,**

**v.**

**MFA MUTUAL INSURANCE COMPANY, Appellant.**

**No. 47030.**

Supreme Court of Oklahoma.

June 29, 1976.

Robert T. Keel, Oklahoma City, for appellees.

Pierce, Couch, Hendrickson, Gust & Short by Melvin F. Pierce, Oklahoma City, for appellant.

B. J. Cooper, Cooper, Stewart, Elder & Abowitz, Kenneth Webster, McKinney, Stringer & Webster, Page Dobson, Rhodes, Hieronymous, Holloway & Wilson, Rex K. Travis, Travis & Durbin, Elliott Fenton, Fenton, Fenton, Smith, Reneau & Moon, Robert S. Baker, Baker, Baker & Wilson, James D. Foliart, Foliart, Mills & Niemeyer, Jake Hunt, Hunt & Thomas, Oklahoma City, amici curiae.

HODGES, Vice Chief Justice.

This is a companion case to *Robert Keel v. MFA Insurance Company*, Okl., 553 P. 2d 153 (1976), also decided today. Two of the three propositions urged by appel-

lant were resolved in the companion case. It was determined multiple policies issued to the insured may be pyramided until insured is fully indemnified for his damages, and the "consent to sue" "other insurance clauses" are repugnant to 36 O.S.1971 § 3636 and, therefore, void. The opinion also set forth procedural options for an insured who has a claim against an uninsured motorist, made the ruling prospective, and remanded for new trial. We also remand this cause for new trial because of the decision in the companion case.

The third proposition urged by MFA Insurance Company (MFA) is applicable only to this appeal. The insurer argues, although, it does not cite authority to support its position, that it was error for the trial court to admit the pleadings filed in the action against the uninsured motorist to construe the joint judgment obtained by Jeremy and Richard Keel.

The terms of the judgment provided that Jeremy and Richard Keel, through their mother as next friend, recover the sum of $12,000.00 with interest from the uninsured motorist, or $13,017.88. The pleadings from the case against the uninsured motorist were admitted to show each had suffered injuries in the amount of $6,000.00.

It is contended by MFA that the contract limited recovery to $10,000.00 per person and that the possibility existed that the damages to one could exceed the contract limitation for each person.

■ A plausible but not convincing argument in the brief unsupported by citation of authority is not sufficient to overcome the presumption in favor of the correctness of the judgment of the trial court. *Allen v. First Nat'l Bank & Trust Co. of Muskogee*, 179 Okl. 631, 67 P.2d 2 (1937).

■ The law has long been settled in Oklahoma that in case of doubt or ambiguity a judgment may be construed in the light of the entire judgment roll or record.

■ In construing an obscure or ambiguous judgment to determine what issues were adjudged, it is proper to consider the pleadings, verdict or findings and entire record in view of applicable statutes. It will be presumed that the court in entering judgment intended to render a valid judgment on the issues presented. *Filtsch v. Sipe*, 198 Okl. 356, 178 P.2d 612 (1947); *Lemons v. Lemons*, 205 Okl. 485, 238 P.2d 790 (1951).

AFFIRMED IN PART. REVERSED IN PART.

WILLIAMS, C. J., and IRWIN, BERRY, BARNES and DOOLIN, JJ., concur.

DAVISON, LAVENDER and SIMMS, JJ., concur in part and dissent in part.