MAJOR REAL ESTATE AND INVESTMENT CORPORATION, Harold W. Burlingame and Barbara Jean Burlingame, Appellants,

v.

REPUBLIC FINANCIAL CORPORATION, Appellee.

No. 61252.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 12, 1985.

Released for Publication by Order of the Court of Appeals March 11, 1985.

Johnson & Brooks by Lawrence A.G. Johnson, Tulsa, for appellants.

Norman, Wohlgemuth & Thompson by Thomas M. Klenda, Tulsa, for appellee.

REYNOLDS, Judge:

Appeal from charging order determining priority of claims against general partners of a limited partnership. Appellants Major Real Estate and Investment Corporation, Harold W. Burlingame, and Barbara Jean Burlingame (collectively, "Major group") and Appellee Republic Financial Corporation ("Republic") are creditors of both Webster Properties, Inc. ("Webster") and R.O. Wheeler ("Wheeler"). Webster and Wheeler are general partners in a limited partnership, El Paseo ("Limited Partnership"). Trial court determined Republic has priority over Major group as to Webster and Wheeler's interest in the Limited Partnership.

This action was originally instituted by certain limited partners of the Limited Partnership against Webster and Wheeler. The limited partners prayed for, among other things, an accounting. The record indicates substantially all of the assets of the Limited Partnership have been liquidated. The funds representing Webster and Wheeler's interest in the Limited Partnership are being held by the court clerk. A number of Webster and Wheeler's creditors, including Republic and Major Group, have intervened and seek to charge Webster and Wheeler's interest in the Limited Partnership.

As general partners of a limited partnership, Webster and Wheeler are subject to the provisions of the Uniform Limited Partnership Act, 54 O.S.1981 §§ 141–171. Section 150 provides that the rights, powers, restrictions, and liabilities of a general partner in a limited partnership are the same as those of a partner in a partnership without limited partners. (Section 150 also provides certain specified exceptions, none of which apply to the case at bar.) Section § 225(2)(c) of the Uniform Partnership Act, 54 O.S.1981 §§ 201–244, prohibits execution or attachment of specific partnership property in order to satisfy nonpartnership debts of individual partners. A charging order must be obtained in order to charge the interest of a debtor partner in the partnership with payment of the unsatisfied amount of a judgment. 54 O.S.1981 § 228. The interest of a debtor partner in the partnership is his share of the profits and surplus. 54 O.S.1981 § 226. Pursuant to 54 O.S.1981 § 228, trial court is authorized to appoint a receiver to act as respository for the debtor partner's share of the profits and surplus from the partnership for the benefit of his judgment creditors or the court may order the sale of the debtor partner's interest in the partnership. *Tupper v. Kroc*, 88 Nev. 146, 494 P.2d 1275 (1972). Therefore, a judgment creditor of a general partner in a limited partnership must obtain a charging order to charge the interest of the debtor partner with payment of the unsatisfied amount of the judgment.

The Oklahoma Revised Uniform Limited Partnership Act ("Revised Act"), 54 O.S. Supp.1984 §§ 301–364, supplements the

above referenced statutes relating to charging orders. Section 342 of the Revised Act provides:

On application to a court of competent jurisdiction by any judgment creditor of a partner [including a general partner, *see* § 302(8)], the court may charge the partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the partnership interest. This act does not deprive any partner of the benefit of any exemption laws applicable to his partnership interest.

Revised Act applies to all limited partnerships organized on or after November 1, 1984, plus limited partnerships organized prior to November 1, 1984, that elect to become subject to all the provisions of the Revised Act. 54 O.S.Supp.1984 § 362.

■ The respective Claims of Republic and Major group may be summarized as follows:

*Republic*

Republic alleges that on August 22, 1979, it loaned money to Webster and Wheeler and took a security interest in Webster and Wheeler's interests in the Limited Partnership. Republic further alleges it perfected its security interests on November 3, 1982 by filing financing statements with the county clerk of Oklahoma County. Republic also alleges it obtained a judgment from the district court of Tulsa County granting to Republic an *in rem* judgment against all of Webster and Wheeler's right, title, and interest in the Limited Partnership. Republic requested trial court enter a charging order directing that Webster and Wheeler's share of the profits and surplus of the Limited Partnership be paid to Republic.

*Major Group*

On January 11, 1983, Major group instituted an action against Webster and Wheeler in the district court of Tulsa County. Major group claims that on December 31, 1975, it entered into a written agreement with Webster and Wheeler. The agreement allegedly provided that Webster and Wheeler were to pay Major group the sum of $500,000.00 plus 32% of any sums or funds distributed or distributable to Webster and Wheeler as general partners of the Limited Partnership. Major group alleges Webster and Wheeler failed to pay the $500,000.00 when due. Under the terms of the agreement, Major group drew upon a letter of credit $321,000.00. Major group claims the balance, $179,000.00 [$500,000.00—$321,000.00 = $179,000.00], plus interest, plus 32% of all funds distributed or distributable to Webster and Wheeler as general partners of the Limited Partnership. Prior to trial, Major group and Webster and Wheeler agreed to settle and compromise the undecided claims of Major group. A journal entry of judgment was entered on January 26, 1983, in favor of Major group and against Webster and Wheeler for the sum of $179,000.00 plus 12% interest from date of judgment.

Trial court ordered a hearing to determine the order of priority among Webster and Wheeler's creditors. Trial court found Republic's priority dated from November 3, 1982, the date Republic perfected its security interest by filing its financing statements. Trial court found Major group's priority dated from January 26, 1983. Trial court concluded Republic has priority over Major group as to Webster and Wheeler's share of the profits and surplus of the Limited Partnership.

On appeal, Major group asserts two propositions of error. First, Major group contends the basis of its suit against Webster and Wheeler was the breach by Webster and Wheeler of the alleged December 31, 1975 agreement. In support of this argument, Major group cites *Keel v. MFA Mutual Insurance Company,* 553 P.2d 160 (Okl.1976) for the proposition that in construing an obscure or ambiguous judgment, a court may consider the pleadings, verdict, or findings and entire record in view of applicable statutes to determine the issues adjudged. We find Major group's argument unpersuasive and its reliance on

*Keel* misplaced. A court may look beyond the face of the judgment only when the judgment is obscure or ambiguous. *Dickason v. Dickason*, 607 P.2d 674 (Okl.1980); *Keel, supra,* p. 161. Judgment provides that Major group's undecided claim, based on the alleged December 31, 1975 agreement, was settled and compromised for a money judgment of $179,000.00 plus interest. Major group's undecided claim merged into its judgment. *Cressler v. Brown,* 79 Okl. 170, 192 P. 417 (1920).

Major group's second proposition of error is that the judgment of trial court is unclear and ambiguous. We find Major group's second proposition unpersuasive. There is no need to look beyond the face of the judgment. Major group's undecided claim, pursuant to the alleged December 31, 1975 agreement, was settled and compromised for a money judgment. The money judgment provides for no special priority right of Major group to any funds of Webster and Wheeler. Republic has priority over Major group. Judgment of trial court affirmed.

AFFIRMED.

ROBINSON, P.J., and YOUNG, J., concur.