**Boyd Dee MILLS, Appellee,**

v.

**Claudia Dawn MILLS, now.
Linville, Appellant.**

**No. 79178.**

Court of Appeals of Oklahoma,
Division No. 1.

Nov. 3, 1992.

David W. Kelly, Durant, for appellant.

Tim R. Webster, Durant, for appellees.

## MEMORANDUM OPINION

GARRETT, Judge:

Boyd Dee Mills (Plaintiff, Appellee, or Boyd) and Claudia Dawn Mills (Defendant, Appellant, or Claudia) were divorced on November 27, 1990. Both were represented by counsel. They negotiated and settled their affairs. An agreed Decree of Divorce was signed by each party, and it was presented to the Court. This agreed Decree was approved by the Court, signed by the Judge, filed with the Clerk, and was the judgment of the Court. Neither party appealed, and it became final. The Decree granted a divorce and divided the marital assets and debts.

As to issues involved in this appeal, the Court made the following findings:

the 1989 Plymouth Sundance is set over to the defendant with the plaintiff to assume and pay the existing balance to Chrysler Credit Corporation;

that each party is to keep those items of personal property now in their possession;

that the plaintiff is awarded the 14 × 80 mobile home with the debt thereon and all dogs consisting of labradors, golden retrievers together with the debt thereon;

that the defendant is to have as her separate property the business known as Kids & Stuff and that all other property rights have been settled by the parties;

and entered the following judgments:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the 1989 Plymouth Sundance is set over to the defendant with the plaintiff to assume and pay the existing balance to Chrysler Credit Corporation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that each party is to keep those items of personal property now in their possession.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff is awarded the 14 × 80 mobile home with the debt thereon, all dogs consisting of labradors, golden retrievers together with the debt thereon.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the defendant is to have as her separate property the business known as Kids & Stuff.

At a later time Boyd discovered that Claudia had remarried. He stopped making payments on the car note. She cited him for contempt. He filed an "Application to Terminate Support Alimony". He alleged it was the intention of the parties that the Court order requiring him to pay the balance owed on the vehicle was a support alimony provision rather than a property division, and asked for an order terminating support alimony. In response, she alleged the Decree of Divorce did not state that the payment of the debt on the car was alimony, and did not provide that payments on the balance due would termi-

nate on her death or remarriage. She alleged the temporary court order denied her application for temporary alimony and subsequently she abandoned her request for alimony. Then she alleged, if alimony or support were involved, 43 O.S. 1991 § 134 required the Court to state the dollar amount of the alimony and that it would terminate on death or remarriage. In addition, she alleged the Decree of Divorce was prepared by Boyd's attorney. Her prayer was that the application be denied and the terms of the Divorce Decree be enforced in the contempt proceeding. Neither party asked the Court to enter an Order Nunc Pro Tunc to make the judgment "speak the truth". Neither party seeks relief under 12 O.S. 1991 §§ 1031 et seq., and fraud is not an issue.

The Court conducted an evidentiary hearing. Both parties testified briefly as to their negotiations, their intent, and their respective understanding of their settlement agreement. Claudia testified she understood the Court's order was property division. Boyd testified he understood it to be support alimony. Other than the oral testimony of the parties, no evidence was presented.

Shortly thereafter, the trial court entered an order finding the payments on the car note were intended as support alimony and not property division. Since Claudia had remarried, the Court order terminated the "support alimony" payments. This appeal followed. Claudia is Appellant and Boyd is Appellee.

Both parties recognize that the provisions of 43 O.S. 1991 § 134 were not followed by the Court in entering the judgment. As pertinent here, § 134 provides:

A. In any divorce decree which provides for periodic alimony payments, the court shall plainly state, at the time of entering the original decree, the dollar amount of all or a portion of each payment which is designated as support and the dollar amount of all or a portion of the payment which is a payment pertain-

ing to a division of property. The court shall specify in the decree that the payments pertaining to a division of property shall continue until completed. Payments pertaining to a division of property are irrevocable and not subject to subsequent modification by the court making the award.

B. The court shall also provide in the divorce decree that upon the death or remarriage of the recipient, the payments for support, if not already accrued, shall terminate. * * *.

Neither the words "alimony" or "support" nor the phrases "support alimony" or "payments for support" appear in the Divorce Decree.[1]

Appellant argues the evidence was insufficient to support the decision of the trial court. Appellee argues the evidence was disputed and the decision of the trial court must be affirmed because there was competent evidence (Appellee's oral testimony) which supports the order. Both parties cite and discuss court decisions involving ambiguous language in cases where "periodic payments", "alimony", "maintenance", "support", or "support alimony" were ordered paid. Such is not the case here.

▪ It is presumed the Court intended to enter a valid judgment on the issues presented. If a judgment is ambiguous, the Court may "construe" it in the light of the entire judgment roll and record. *Keel v. MFA Mutual Insurance Co.*, 553 P.2d 160 (Okl.1976). The Supreme Court, in *Dickason v. Dickason*, 607 P.2d 674, 677 (Okl. 1980), said:

Only if a judgment is ambiguous on the face of the record may the court "construe" it. In so doing the court stands confined to the inspection of the judgment roll. It cannot extend its inquiry beyond the instruments that comprise it.

As to the effect of a pre-divorce property settlement agreement, merged into a divorce judgment, the *Dickason* Court, at page 677, said:

---

1. Appellee was ordered to pay child support, and the word "support" was used in that con-

text, but not otherwise.

A pre-divorce property settlement agreement is not enforceable absent its affirmative approval by the court. Once incorporated in full or in part by judicial approval, the parties' contract merges into the decree to the extent that its terms are embodied therein. When a spousal agreement is approved and is hence incorporated in the decree, the rights which the parties have thereunder merge into that decree. The agreement is then extinguished by force of law. The rights cease to be contractual. They come to be governed and become enforceable as a judgment.

■ In *Timmons v. Royal Globe Ins. Co.*, 713 P.2d 589, 591–592, (Okl.1985), the Court said:

The law is clear that post-appeal construction of a judgment is confined to the face of the judgment roll. Once a judgment has become final either for want of an appeal or, as in the present case, in consequence of an appellate court's decision, any controversy over the meaning and effect of that judgment must be resolved by resort solely to the face of the judgment roll. The court's inquiry into a judgment's meaning cannot extend beyond the instruments that comprise the trial court's record proper. Proceedings dehors the judgment roll, i.e., those not apparent from its four corners, may not be invoked for consideration. There can be but one appellate review on the full transcript of trial proceedings. If it were not for this salutary rule vanquished litigants could vex their victorious adversaries with successive appeals for repeated, piecemeal review of the judgment.

The judgment roll, which is synonymous with "record proper", consists of the petition, the process, the return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the Court. See Footnote 5, page 591, of *Timmons v. Royal Globe Ins. Co.*, supra.

■ We conclude that neither the trial court nor this Court may consider the oral testimony of the parties. Neither the trial court nor this Court may "construe" the previously entered, now final, judgment in the absence of some ambiguity. Even if it were proper to "construe" the judgment being considered, the Court may not rewrite its provisions, and the Court's search for clarification would be limited to the judgment roll. Neither party raises any issue in this respect. However, a departure from these limitations on the trial court will not be permitted. To allow an exception would open the door to a multiplicity of motions, applications and litigation, permit the parties to confer non-existent power on the Court by agreement or inaction, and increase the possibility of fraudulent or perjured testimony.

We see no ambiguity in the plain language of the Divorce Decree. It clearly appears to be a property division. Section 134, supra, simply did not apply. Appellee was not ordered to make periodic payments to anyone, much less the Appellant. Appellee was ordered "to assume and pay the existing balance to Chrysler Credit Corporation". Whether he paid that debt by paying the payments as they came due, or by paying the debt in a lump sum, or by some other method, was his decision and was a matter outside of the Court's judgment. The judgment neither directly nor indirectly mentioned or provided for alimony or support payments.

The trial court erred in construing the Divorce Decree. The order appealed from is vacated, and this case is remanded with instructions to enter an order denying Appellee's "Application to Terminate Support Alimony". We express no opinion on the pending contempt citations.

REVERSED AND REMANDED.

ADAMS, P.J., and JONES, J., concur.